Genni, Respondent, vs. Hahn, Appellant.

*March 23 — April 12, 1892.*

*Contracts: Evidence: Instructions to jury.*

1. In an action to recover the agreed price for digging a well on defendant's farm, the answer alleged that plaintiff agreed to furnish defendant " a sufficient supply of water (in said well) for his stock and family." Plaintiff testified that he agreed to furnish defendant " a sufficient quantity of water." *Held*, that there was a substantial agreement in these statements as to the terms of the contract, and that plaintiff cannot recover unless there was a sufficient quantity of water for said purposes.

2. Defendant having used the well only to test its capacity, it was error to instruct the jury that if defendant used the well to any extent they must find for plaintiff.

APPEAL from the County Court of *Waukesha* County. The facts are sufficiently stated in the opinion.

*C. E. Armin,* for the appellant.

For the respondent there was a brief by *Ryan & Merton,* and oral argument by *E. Merton.*

ORTON, J.  The plaintiff agreed with the defendant to dig a well for him on his farm for one dollar a foot for the first twenty feet, and after that for a quarter more for each foot.  The suit is for digging the well sixty-five feet deep at that price.  It is alleged in the defendant's answer that the contract was that the plaintiff " was to furnish him with a sufficient supply of water (in said well) for his stock and family."  On the trial the plaintiff, as a witness, testified that " he agreed with *Hahn* to furnish him a sufficient quan-

tity of water" in said well. "For his stock and family" may well be implied, for such are the usual purposes of a well on a farm. The parties therefore agreed as to the terms of the contract.

The defendant, as a witness, testified that when the plaintiff had dug sixty-five feet he said he had struck water, and then went away, and remained from the 24th of January until the 10th of February. When he came back the defendant told him there was no water in the well, and to dig it deeper, but he cleaned it out and stoned it up as it was, and told the defendant if he could pump the water out in two weeks he would dig it deeper. The defendant put a suitable pump in the well, and pumped it dry in fifteen minutes. He let it stand twenty-four hours, and then pumped it dry in ten minutes. He then told the plaintiff that there was no water in the well, and he said that he could not get any more water in the well, and not to call on him any more. The defendant also put a windmill pump in the well, and he got water sometimes for one cow, sometimes for two cows, and not more than enough at any time for three cows, when he had five cows, three calves, and four horses to be supplied; and this was in the spring of the year. This testimony of the defendant was corroborated by several other witnesses. The plaintiff testified that he tried the well, and it took him two hours to draw the well dry with a pail, and the water was three and a half feet deep; and this testimony was corroborated by two or three other witnesses. The well has been abandoned since then, for over a year before the trial, as worthless.

It is perfectly clear from the testimony on both sides that the well did not furnish a sufficient supply of water, according to the agreement. A well that is so easily exhausted is worthless as a dependence for watering twelve head of stock, and for family use. It might easily have three and one-half feet of water in it after standing long

enough in the spring of the year, when the ground is saturated with surface water. The test the defendant made with two different pumps would seem to have been amply sufficient.

The jury, after the instructions of the court, rendered a verdict for the plaintiff of $25. The court instructed the jury: *First.* That "there was a contradiction in the statements of the parties as to the provisions of the contract in question." This was an error of fact. There was no contradiction on that question, as we have seen. *Second.* That, "if the defendant used the well to any extent, then you must find for the plaintiff what it is worth." The defendant used the well only to test its capacity to afford sufficient water for the purpose intended. That is a use to a certain extent, and the jury are instructed to find for the plaintiff what it was worth. There was a special contract, and the plaintiff was not entitled to recover without performance on his part. The defendant could not return the well to the plaintiff, like goods manufactured or purchased. This was an error of law, based upon a false assumption of fact. *Third.* The court instructed the jury that, "if you find from the evidence that the plaintiff agreed to dig a well and furnish a supply of water to meet the ordinary demands of the defendant, then you must find for the plaintiff." This is not only an error, but nonsense. *Fourth.* That "there is no proof here that the pumping in question was properly done, and therefore does not show that it was tested properly, so that, if there was water, you must find for the plaintiff." There are two errors of fact and one of law in this instruction: (1) There was proof that the pumping was properly done, and the plaintiff did not dispute it. (2) The evidence did show that it was tested properly. (3) Mere water in the well, although very little and quite insufficient for any purpose, does not give the plaintiff a right to recover. There must be a sufficient

supply of water for the purposes intended, to entitle the plaintiff to recover. These instructions also infringe upon the province of the jury to pass upon the facts.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded for a new trial therein.