# APPENDIX

## Notes of Cases Not Otherwise Reported.

J. N. JACKSON, Appellant, v. MARY E. CRESWELL AND C. A. FICKE

| 94 | 713 |
|----|-----|
| d96 | 323 |
| 94 | 713 |
| 111 | 427 |
| 94 | 713 |
| 127 | 748 |
| 94 | 713 |
| 132 | 418 |

CONTRACT NOT COMPLIED WITH. No recovery.

*Appeal from Scott District Court.—*HON. C. M. WATERMAN, Judge.

WEDNESDAY, DECEMBER 19, 1894.

Action to recover upon a contract for drilling a well, and to establish a mechanic's lien.—*Affirmed.*

*John M. Helmick* and *D. B. Nash* for appellant.

*Cook & Dodge* for appellees.

Kinne, J.—I. Plaintiff claims that he entered into a verbal contract with defendant Creswell, whereby he was to drill a well upon her farm. He was to begin in the bottom of an old stock well, and drill a well which should furnish plenty of water, free from sand or other sediment. He was to pipe said well to the rock with five-inch gas pipe, and carry said tubing to the top of the old stock well. The defendant was to pay plaintiff for his services two dollars per foot for the drilled well and one dollar per foot for the tubing placed in the old stock well, and was to board and keep plaintiff, his team, and help while work was in progress. Plaintiff also claims that after the work had been in progress for some time defendant waived the provision of the contract requiring him to put in five-inch gas pipe, and consented that he might thereafter use four-inch casing, but that in all other respects the contract remained as originally made. He claims to have fully complied with his contract, and, payment being refused, brings this action to recover for his services, and also asks for the establishment of a mechanic's lien upon the defendant's land in which the well was drilled. Defendant Ficke holds a mortgage upon the land on which it is sought to establish

(713)

the lien. The defendant Creswell does not agree that the contract was in all respects as claimed by plaintiff, and insists that in no respect has he complied with his contract as in fact made, or as he claims it to have been; and also claims one hundred dollars for board and feed furnished to defendant, his men and horses. The District Court found that there was no equity in plaintiff's claim, and dismissed his bill, found that there was ten dollars due defendant upon her counterclaim, and rendered judgment for the same and for costs against plaintiff. From these findings and judgment the plaintiff appeals.

II. For reasons hereafter apparent we shall determine this case upon the assumption that the contract was in fact as claimed by the plaintiff, and that the defendant, during the progress of the work, agreed that the plaintiff might use the four-inch casing instead of the five-inch gas pipe. We shall also assume that a sufficient consideration existed for the contract as changed, and upon which this suit·is brought. We then have a case involving three questions of fact, viz.: *First,* that the plaintiff was to put the tubing down to the rock; *second,* that he was to drill a well which should furnish plenty of water ; and, *third* that the water should be free from sand or other sediment. If any of these conditions of the contract were not complied with, the plaintiff cannot recover. We shall not undertake to analyze the testimony, nor shall we quote from it, but shall state our conclusions, reached after a careful consideration of the entire record. It is quite clear that plaintiff never drove the casing down to the rock. In fact, his own testimony touching this matter is not satisfactory, and from all of the evidence it must be held that plaintiff has failed to show compliance with the contract in that respect. So also it is not shown that the water obtained was free from sand and other sediment; on the contrary, it appears that the water was much of the time filled with sand and dirt. But the most signal failure on part of plaintiff to comply with the terms of his contract was in the quantity of water secured. To this point most of the testimony was directed during the trial, and, without discussing the evidence, it may be said that at hardly any time was there plenty of water; in fact, in this respect the well was a failure. Some time after the job was done, defendant notified plaintiff that the well was not satisfactory in that respect, and after six weeks' delay he visited her, and talked the matter over. He did not, however, do anything toward bettering the water supply, and after a time she was compelled to and did abandon the well as useless. He now claims that there was plenty of water, but that defendant's appliances or means for obtaining it were inadequate or insufficient. His claim in this respect is not borne out by the facts, and, indeed, the very test of the capacity of the well to furnish water was made with the same machinery and appliances which plaintiff now seeks to make out

were insufficient to draw the water from the well. If these appliances were sufficient to show on a test made by plaintiff himself that the well did furnish plenty of water, it seems to us he is not now in a position to say that they were not sufficient to properly draw the water from the well. However that may be, we are satisfied that the well at no time complied with the contract in this respect. If he had a hard contract, it was his own fault. The contract was of his own seeking, and he himself dictated its terms. He was an experienced man in the business of drilling wells. He must have known that the procuring of plenty of water was a matter of much uncertainty. He therefore took the chances of being able to fully comply with his contract in that respect. We cannot relieve parties from obligations voluntarily entered into, even though the enforcement of them may sometimes seem to work a hardship to one of the contracting parties. Defendant was entitled to such a well as the contract provided for, and, assuming that the contract was as plaintiff claims, he has failed to comply with its provisions, and therefore cannot recover. For the reasons given, the decree of the District Court was right, and is *affirmed*.