[Turner v. Hartsell.]

# Turner *v.* Hartsell.

## *Assumpsit.*

(Decided May 9th, 1912.  58 South. 950.)

1. *Contracts; Construction; Drilling Well.*—Where the contract was to drill a well until water was found and to find water or receive no pay, and the well driller drilled fifty feet after finding water which flowed at the rate of three and a half gallons per hour, he thus showed that he understood the term "water" as used in the contract to mean water in appreciable quantity, and the contract will be so construed.

2. *Same.*—Where a well driller drilled a well under a contract to find water or receive no pay, and he stopped before finding water in appreciable quantity, he was not entitled to recover, for the work done.

APPEAL from Madison Law and Equity Court.

Heard before Hon. J. H. BALLENTINE.

Action by Ed. Hartsell against H. C. Turner to recover for work done in digging a well.  Judgment for plaintiff and defendant appeals.  Reversed and remanded.

DOUGLASS TAYLOR, for appellant.  No brief reached the Reporter.

R. E. SMITH, for appellee.  No brief reached the Reporter.

DE GRAFFENRIED, J.—It is evident from the testimony of the appellee that the appellee, who is engaged in the business of drilling wells, made a contract with the appellant, who is a farmer, to drill him a well on his farm, for the drilling of which he was to be paid 50 cents for each foot drilled through sand or clay, and $1.50 for each foot drilled through rock.  It is also evident that the appellee contracted to continue drilling the

well until he found water, unless he was sooner stopped by the appellant. It is also evident that it was understood that, unless the appellee found water, he was to be paid nothing by the appellant unless the appellant stopped the drilling, in which event he was to be paid for the depth at the rates above mentioned. The appellee, under the above contract stated by us in the terms in which the testimony of the appellee places it, commenced drilling a well for appellant, and after he had drilled 97 feet; 59 feet through sand and 38 feet through rock, found, according to appellee's testimony, water which "ran at the rate of 3½ gallons per hour." He, according to his testimony, continued to drill, however, through rock, until he reached a depth of 156 feet, when he stopped work. He says that he then told the defendant that he did not believe that he could get more water in this well and that the amount of the water in the well was sufficient for ordinary purposes, and an average well; that he did not guarantee under the contract with the defendant to get any particular amount of water, but only to dig until he found water.

Whenever there is any doubt about the true construction to be placed upon a contract, the acts of the parties with reference to it may be looked to for the purpose of ascertaining how they, themselves, construed it, for, after all, a contract is but the thing about which the parties themselves agree. This contract was made by a farmer residing, not in an arid state where water trickling through a rock in an amount sufficient to cause a flow of 3½ gallons per hour may be regarded as a thing of value, but in Alabama, where the water supply is abundant and where so small a flow cannot possibly have any value. When this water was reached, the appellee does not claim in his testimony that he then claimed that he had complied with his contract, but continued as if no water had in fact

been found, until he had, through rock, at an expense of
$1.50 per foot to appellant, drilled 59 feet more, when
the appellee voluntarily abandoned the well and claimed
$175 of the appellant upon the ground that he had com-
plied with his contract when he struck the water at 97
feet—a time when, under the terms of his contract as
he now claims it, under its letter, to be, the appellant
owed him only $86.50.  The act of the appellee in contin-
uing to drill after he found water which flowed $3\frac{1}{2}$ gal-
lons per hour shows conclusively that, when he made the
contract with appellant, he understood by the word
"water," as used by him in the contract, "water" in ap-
preciable quantities—water in quantities larger than $3\frac{1}{2}$
gallons per hour.

We have discussed this case upon the evidence of the
appellee alone.  The appellee, in many material parts
of his testimony, was contradicted by the appellant and
by two disinterested witnesses.  In our opinion, the
evidence in this case plainly and palpably fails to sup-
port the verdict.  The appellee may have made an im-
provident bargain, but the evidence plainly and palpably
shows that he violated his own contract, and that he is
not entitled to recover.—*Borden & Co. v. Vinegar Bend
Lumber Co.,* 2 Ala. App. 354, 56 South. 775.

The judgment of the court below is reversed and the
case remanded.

Reversed and remanded.