.WHITE, APPELLANT, *v.* HULLS ET AL., RESPONDENTS.

(No. 4,240.)

.WHITE, APPELLANT, *v.* BLACK, RESPONDENT.

(No. 4,241.)

(Submitted January 6, 1921. Decided February 4, 1921.)

[195 Pac. 850.]

*Mortgages—Contracts—Consideration—Sufficiency—Promissory Notes — Foreclosure — Conditions Precedent—Performance Necessary.*

Mortgages—Contracts—Good Consideration—Sufficiency.
1. Plaintiff had drilled a well for defendants accepting their promissory notes in payment. The notes were not paid. The well proved unsatisfactory and the parties entered into another agreement whereby plaintiff undertook to put the well in working condition, defendants to execute new notes and a first mortgage upon their lands to secure the amount then due. *Held,* that the agreement to put the well in condition was a good consideration for the mortgage contract.

Bills and Notes—Execution of New for Old—Effect.
> 2.   Execution of new notes and mortgage security therefor upon surrender and cancellation of the first notes does not have the effect of extinguishing the existing indebtedness, but merely extends the time of payment.

Rights Depending on Condition Precedent—Accrual.
> 3.   A right depending upon a condition precedent does not accrue unless the condition is performed.

Mortgages—Foreclosure—Performance of Condition Precedent Prerequisite.
> 4.   The right of plaintiff to foreclose having been dependent upon performance of a condition precedent, to wit, fulfillment of his contract to put the well in satisfactory condition, his failure to do so deprived him of such right upon nonpayment of the notes at maturity.

*Appeals from District Court, Gallatin County; Ben. B. Law, Judge.*

ACTION by Charles T. White against Mary V. Hulls and another, and against G. S. Black and others, resulting in decree partly for and partly adverse to plaintiff, and from an order denying his motion for new trial, he appeals.   Affirmed.

*Mr. Walter Aitken,* for Appellants, submitted a brief, and one in reply to that of Respondents, and argued the cause orally.

*Mr. George D. Pease,* for Respondents, submitted a brief, and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

These two appeals were taken from the order of the district court denying appellant's motion for a new trial and were, by order of the court, consolidated, as exactly the same issues are involved in each appeal.

Prior to the commencement of the trial in the lower court, the appellant dismissed as to the respondents Merchants' Bank of Winona, Mary A. Cox, and the Sanborn Company.   The cases were by agreement tried together before a jury, and findings of fact, conclusions of law and decree were made in each

---

2. Renewal note as discharging original note, see note in **Ann. Cas.** 1915A, 1084, 1094.

case upon identically the same evidence, save and except the differences in the amount of the notes and mortgages executed by respondents Mary V. Hulls and G. S. Black.

The appellant sought to foreclose two mortgages, one against the respondent Hulls and the other against the respondent Black. As a defense in each action, the respondents, by answer, pleaded a want of consideration for the notes secured by said mortgages, and failure of performance of contract, in that appellant had contracted to drill a well for the respondents, and had failed to fulfill the terms of his agreement. On July 20, 1912, the respondents Mary V. Hulls and G. S. Black, together with one J. J. Deputy, entered into a contract in writing with the appellant, whereby appellant agreed to drill and equip a well on the property of the respondent Hulls for $3.30 per foot, which contract provided for payment by respondents for the work to be performed. The well was completed on or about September 23, 1912, but was not paid for in accordance with the terms of the contract, and as of that date the respondent Hulls (who had acquired the interest of J. J. Deputy in the contract) and the respondent Black, in the year 1913 gave to appellant their joint and several promissory notes in payment of the amount due under the contract. These notes not having been paid at maturity, and the respondents having had trouble in securing water from the well, the respondents, on July 27, 1914, took up these notes, and separately executed notes secured by mortgages on the lands owned individually by each of them, the note of respondent Mary V. Hulls so executed and secured being for the sum of $1,500, and that of respondent G. S. Black for the sum of $365. At the time of the execution of these notes and mortgages, the appellant signed and delivered to the respondents a new contract as follows:

"July 27, 1914.

"Mrs. Mary V. Hulls and G. S. Black,

"Manhattan, Montana.

"This is to certify that in consideration of the security, first mortgages on your farm lands, furnished me this day in con-

nection with indebtedness of $1,865 covering balance due on one certain, well, drilled on the property of Mrs. Hulls some two years ago, I hereby agree to, within a reasonable time from date hereof, put the well in entirely satisfactory condition so that it shall deliver at least four gallons of water per minute."

On July 15, 1915, the first payment on each of the notes secured by these mortgages being overdue and unpaid, and it being provided in the mortgages that in such event the mortgagee might at his option regard the entire debt due and collectible, appellant commenced these actions to collect the whole amount of the notes and to foreclose such mortgage security.

The answer of respondents pleads failure and refusal of performance of appellant's contract, and want of consideration for the making of the notes and mortgages of July 27, 1914, and also a counterclaim for damages. The trial court eliminated the damage feature, and in this respect was entirely correct, in our opinion. It made findings of fact and conclusions of law, denying appellant the right of foreclosure on the mortgages, but found in favor of appellant for the amount of indebtedness for the drilling of the well under the first contract, and entered decree accordingly.

The pivotal question, and in fact the only question in the cases, is whether there has been a failure of performance of the contract or of consideration for the mortgage security given to appellant by the respondents, dated July 27, 1914.

For determination of the equities involved in this case, we shall consider the fifth assignment of error only, which raises every other question presented by the other specifications of error, such assignment being as follows: "(5) The court erred in making conclusion of law No. 1."

Conclusion of law No. 1, as made by the trial court, is as follows: "That the plaintiff is not entitled to foreclose the mortgage sued upon in this action, for the reason that he has failed to comply with the terms of his contract at the time of the execution and delivery of the mortgage."

On first examination and study of the record and of the findings of fact and conclusions of law as made by the trial court, we were of opinion that there was an inconsistency in the findings as adopted and made, but on careful study and review they have been found to harmonize. If the contract of the appellant White, dated July 27, 1914, be considered as superseding all former contracts, then there would be a manifest conflict in the findings as made by the district court, as it would not be proper under such theory to find a failure of performance of appellant's contract, and also to find an existing indebtedness due from the respondents to the appellant for the full amount of the notes.

From a review of all of the evidence in the case, we are [1] satisfied that the findings of fact and conclusions of law made by the trial court were justified, as the original contract for the drilling of the well, dated July 20, 1912, had been fully executed and the well accepted by the respondents and by them paid for, by the execution and delivery of their joint and several promissory notes, dated September 23, 1912. Thereafter, due to the fact that the well was not working satisfactorily, the appellant, as an inducement to the respondents to secure the amount of the indebtedness then admittedly due and owing to the appellant for the drilling of the well, executed the contract dated July 27, 1914. Upon reference to the terms of such contract it will be found that there was then an admitted indebtedness on the part of the respondents to the appellant in the sum of $1,865, covering the balance due for the drilling of the well under the contract of July 20, 1912, and the appellant, by such contract of July 27, 1914, agreed, in consideration of first mortgage security on the farm lands belonging to the respondents, to "put the well in an entirely satisfactory condition so that it will deliver at least four gallons of water per minute." This agreement did not affect the executed contract or the amount of the admitted indebtedness, but rather constituted a new promise and obligation on appellant's part in consideration of mortgage security for the amount of the

debt. The indebtedness existing under the original contract was not affected, but in consideration of such mortgage security appellant agreed to put the well in entirely satisfactory condition. This was a good consideration for the contract. "Any benefit conferred or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise." (Sec. 5001, Rev. Codes; *Emerson-Brantingham Implement Co.* v. *Anderson,* 58 Mont. 617, 194 Pac. 166.)

The execution of the new notes and mortgage security there-
[2] for upon surrender and cancellation of the first notes did not extinguish the existing indebtedness, and the only effect thereon was to extend the time of payment. The consideration for the contract of July 27, 1914, is self-evident, and the only remaining question is that of performance of the contract on the part of appellant. If he made full performance, he now has a right of foreclosure on the mortgage security, otherwise not.

"A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." (Sec. 5025, Rev. Codes.) "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." (*Id.*, sec. 5027.) Applying these rules to the contract of July 27, 1914, it will be found
[3, 4] by an abundance of evidence, admitted to be true by the appellant, that when appellant left the well and abandoned his contract the well was not by the appellant put in a satisfactory condition. On the contrary it appears that the appellant broke the pump pipe, dropped it into the well, and left 440 feet thereof in the well; that there is a part of the pump rod in the bottom of the well; that there are two cylinders and one plunger in the well; that it is full of sand, and should

be dug deeper, and is now all clogged up, so that water could not be produced therefrom at all. If it should have been sunk deeper, the appellant obligated himself to sink it deeper under his last agreement, and it was his plain duty to do so without additional compensation. And in truth and in fact, in consequence of appellant's failure of performance of his contract of July 27, 1914, and the character of work done by him in pursuance thereof, the well has been left of no present use or value whatsoever.

It is a well-settled rule that it is a good defense to an action on a contract that the obligation to perform the act required was dependent upon some other thing which the other party was to do and has failed to do; and a· right depending upon a condition precedent does not accrue unless the condition is performed. (6 R. C. L., sec. 325.) The performance of the condition is precedent to the right of payment. (*Franklin* v. *Schultz,* 23 Mont. 165, 57 Pac. 1037; *Waite* v. *C. E. Shoemaker & Co.,* 50 Mont. 264, 146 Pac. 736.) Applying the rule to this case, appellant must show a performance of his contract as a condition precedent to his right of foreclosure on the mortgage security.

The case of *Littrell* v. *Wilcox,* 11 Mont. 77, 27 Pac. 394, cited by counsel for the appellant, is not in point, as there was not involved therein the construction of an express contract in writing, such as the appellant entered into on July 27, 1914. That was an action on the *quantum meruit* for sinking a well, and the court very properly decided that an agreement to drill a well cannot, in the absence of any special contract, be construed as an undertaking that water, other than surface water, shall be obtained.

And the case of *Sigworth* v. *Holcomb* (Iowa), 97 N. W. 364, cited by counsel for respondents, has no application to the case under consideration, as that case arose in an action to recover on a note given for work in drilling a well under a contract requiring the well driller to provide a "well" sufficient for stock and domestic purposes. The case turned on a construc-

tion of the word "well" as used in the contract. The well proved of no value, and such fact was pleaded to show a total failure of consideration for the note, which was upheld. In our opinion, there was a valid consideration for the execution by the appellant of the contract of July 27, 1914, namely, mortgage security for the amount of the indebtedness due him for the drilling of the well. The appellant assumed a new obligation in consideration of the mortgage security, *viz.*, within a reasonable time to "put the well in an entirely satisfactory condition so that it shall deliver at least four gallons of water per minute." The admitted indebtedness on the executed contract for drilling the well still exists; but appellant, by virtue of failure of performance of his contract of July 27, 1914, has forfeited the right to foreclose his mortgage security, and he was properly denied such right by the trial court.

For the reasons stated, we are of opinion that the trial court did not err in making its findings of fact and conclusions of law, and the order appealed from is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and HOLLOWAY concur.