WILLIAM A. DOE COMPANY *vs.* CITY OF BOSTON.

Suffolk.   November 30, 1927.— February 29, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant*, Construction of lease, Quiet enjoyment.   *Words,*
   "Renovations, changes and repairs," "About."

Provisions of a lease by the city of Boston of stalls in a part of Faneuil
   Hall Market required the lessee at his own expense to keep the demised
   premises in good repair and condition, precluded him from interfering
   with or impeding "said superintendent when entering the demised
   premises to view or to make repairs or improvements," and also pro-
   vided: "The Lessor reserves the right from time to time at its own
   expense and by its officers, agents and contractors to make such reno-
   vations, repairs and changes in and about the leased premises other
   than those hereinbefore provided for the Lessee to do as to said city
   seems desirable and the Lessee agrees to make no claim against said

city, its officers, agents and contractors for interference with their lease-hold interests or for loss or damage to their business during such reno-vations, repairs and changes." During the term of the lease, the city, after notification to the lessee and order to vacate, entered upon the premises, substituted a concrete for a wooden floor in the entire building known as Faneuil Hall, deepened the cellar, making it water-tight, placed girders in the cellar for the purpose of supporting the concrete floor, put in a new drainage system and new plumbing and new electric wiring, and made various other structural alterations in the building. *Held,* that

(1) By reason of the provision of the lease above quoted, the city was not liable to the lessee for damage and loss resulting from his neces-sary vacating of the premises during the period of the construction work;

(2) *Whether* the lessee was entitled to an abatement of the rent during the period while the renovations and changes were being made, was not determined.

TORT OR CONTRACT, afterwards by amendment an action of TORT. Writ dated April 2, 1926.

The declaration as amended is described in the opinion. The defendant demurred to the declaration. The demurrer was heard by *Cox,* J., who overruled it and reported his ruling to this court for determination under G. L. c. 231, § 111.

*J. P. Lyons,* Assistant Corporation Counsel, for the defendant.

*W. G. Thompson,* (*H. F. Wood* with him,) for the plaintiff.

CROSBY, J. The writ in this case described the action as in tort or contract; the declaration was in two counts, the first in tort, the second in contract. Afterwards, by amend-ment, the second count was struck out. The trial judge overruled the defendant's demurrer to the first count and reported the case to this court.

After the amendment the action became one in tort for unliquidated damages for the alleged eviction of the plaintiff as lessee of stalls numbered 28, 30 and 32, and of cellars numbered 9 and 10, in the building called Faneuil Hall, a part of Faneuil Hall Market in the city of Boston.

The lease under which the plaintiff occupied the premises is dated January 26, 1920, and named Horrigan & Doe Co. Inc. as lessees; afterwards, with the approval of the lessor, it was duly assigned to the plaintiff. The term of the lease

was for ten years beginning with the first day of October, 1919, at a quarterly rental of $802.30. The lease contained the following and other provisions and conditions: "2. The Lessee shall at his own expense keep the demised premises in good repair and condition." "11. The Lessee shall not interfere with or impede said superintendent when entering the demised premises to view or to make repairs or improvements." "14. The Lessor reserves the right from time to time at its own expense and by its officers, agents and contractors to make such renovations, repairs and changes in and about the leased premises other than those hereinbefore provided for the Lessee to do as to said city seems desirable and the Lessee agrees to make no claim against said city, its officers, agents and contractors for interference with their leasehold interests or for loss or damage to their business during such renovations, repairs and changes."

The declaration, in substance, alleges that shortly before November 8, 1923, the defendant notified the plaintiff that it had entered into a contract or contracts for the substitution of a concrete for a wooden floor in the entire building, for deepening the cellar, placing girders to support the concrete floor, putting in a new drainage system, new plumbing and new electric wiring, and for making other structural alterations in the building; that the making of these changes would render occupation by the plaintiff of the demised premises impossible for a considerable time; that the defendant further notified the plaintiff that it must vacate the premises at once in order that such changes and alterations might be made. The declaration further alleged that the work of alteration and reconstruction rendered the demised premises untenantable for a period of more than eight months. It is the contention of the plaintiff that the facts alleged charge an unlawful eviction, and a breach of the implied covenant of the lease for quiet enjoyment.

In the absence of the fourteenth condition of the lease, it is obvious, as argued by the plaintiff, that the words "does hereby lease, demise, and let unto the said Lessee," and the words "To have and to hold the demised premises unto the said Lessee . . . for the term of ten years . . ." imply a

covenant for quiet enjoyment. *Dexter* v. *Manley,* 4 Cush. 14, 24.   *Foster* v. *Peyser,* 9 Cush. 242, 246.   *Duncklee* v. *Webber,* 151 Mass. 408, 411.   *Case* v. *Minot,* 158 Mass. 577, 585.

The eviction by the lessor of a tenant from the leased premises constitutes a breach of the covenant for quiet enjoyment.   *Royce* v. *Guggenheim,* 106 Mass. 201.   *Sherman* v. *Williams,* 113 Mass. 481.   *Skally* v. *Shute,* 132 Mass. 367, 370.   *International Trust Co.* v. *Schumann,* 158 Mass. 287, 291.   *Voss* v. *Sylvester,* 203 Mass. 233.   Unless the tenant is evicted from the demised premises there is no breach of the covenant for quiet enjoyment.   *Callahan* v. *Goldman,* 216 Mass. 238, 239.

The question is, Were the acts of the defendant justified under the fourteenth condition of the lease?   The terms of this condition are expressed in clear and unambiguous language.   Under it the right was reserved to the lessor from time to time to make such "renovations, repairs and changes in and about the leased premises other than those hereinbefore provided for the Lessee to do as to said city seems desirable and the Lessee agrees to make no claim against said city . . . for interference with their leasehold interests or for loss or damage to their business during such renovations, repairs and changes."   Under the second condition of the lease the lessee was required at his own expense to keep the demised premises in good repair and condition. We construe it to be the duty of the tenant thereunder to make all ordinary repairs which reasonably would be required to keep the premises in proper condition.   It is to be observed that the right which the lessor reserved under the fourteenth condition was not limited to the making of repairs, but authorized the city to make "renovations . . . and changes" in and about the leased premises.   The word "renovation," as applied to a building, means the making new after decay, destruction or impairment; the renewing materially; the restoring by replacing worn-out, unsafe or damaged parts; the creating anew.   To make "changes" means to make different, to alter, to put one thing in the place of another.   It is manifest that, when the lessor reserved the right to make "renovations" and "changes,"

those words were not limited to or synonymous with "repairs," but that they authorized the making of structural and other alterations set forth in the declaration.

The circumstance that for a period of time during the term the lessee was obliged to vacate the premises and was thereby deprived of the beneficial use and enjoyment thereof was not due to any breach of legal duty which the defendant owed the plaintiff, but resulted from acts done by the defendant with the assent of the plaintiff under the fourteenth condition of the lease. The renovations, repairs and changes which the lessor was authorized to make were not confined to the stalls and cellars leased, but could be made "in and about the leased premises." We construe the word "about" as meaning in other parts of the building, and not as limiting the renovations and changes to parts of the building leased to adjoining tenants of the lessee. The cases cited by the plaintiff are distinguishable in their facts from the case at bar, which is governed by the unequivocal language of the fourteenth condition. It follows that the allegations in the declaration fail to set forth a cause of action.

*Dexter* v. *Manley, supra,* held that the lease there construed was unskilfully drawn and that it was difficult to determine from it the intention of the parties; that it must have a reasonable construction so as to be consistent with the beneficial use of the leased premises by the lessee, and must also be construed with a just reference to the exception and reservation in favor of the lessor; and that upon the evidence the trial court did not err in submitting the case to the jury under correct instructions.

The question whether the plaintiff is entitled to an abatement of the rent during the period while the renovations and changes were being made is not before us and therefore need not be considered.

Order overruling demurrer reversed. Unless leave to amend the declaration is granted in the Superior Court within twenty days, judgment is to be entered for the defendant.

*So ordered.*