191 P.2d 716

**ANDRIOLA v. MILLIGAN.**

No. 5059.

Supreme Court of New Mexico.

March 25, 1948.

Rueckhaus & Watkins and Stanley W. P. Miller, all of Albuquerque, for appellant.

M. Ralph Brown, of Albuquerque, for appellee.

LUJAN, Justice.

The plaintiff brought this action to recover damages for the breach of an agreement to dig a water well. The trial was to the court without a jury and resulted in a judgment in favor of the plaintiff for $3,825.00.

From the judgment entered for this sum, defendant appeals.

We shall refer to the parties as they were designated below; the plaintiff, John Andriola, being the appellee here, and the defendant, Allen H. Milligan, being the appellant.

The parties entered into the following written agreement:

"I, Allen H. Milligan, the party of the first part agrees to set up and deepen a well for the party of the second part, John Andriola, one hundred feet (100) or less from the present depth of approximately 420 feet, if sufficient water is encountered for the sum of $500.00. If the party of the first part has to exceed the 100 additional feet, the party of the second part agrees to pay four (4) dollars per foot until sufficient water is encountered or not to exceed the overall depth of 700 feet. The party of the second part agrees to furnish all necessary casing. The party of the first part agrees to install casing in well and if there are two strings used, to pull one string of casing if the casing isn't stuck. But if there is only one string of casing used and the party of the second part decides to abandon well, the party of the first part agrees to pull casing for the sum of five dollars ($5.00) per hour. The party of the first part agrees to install pump, pipe and sucker rod for the sum of five dollars ($5.00) per hour. The party of the second part agrees to pay cash in full upon completion of the well."

W. A. Rockwell, under the supervision of the defendant, Allen H. Milligan, commenced work on the project in March, 1947. There seems to have been no serious trouble in running the casing until a depth of 583 feet was reached, when it hung. To this depth five inch casing was used. Drilling continued below the casing for 100 feet where some water was found. Then without anchoring or securing the string of casing in any way, the driller struck the casing with such force that it dropped to the bottom of the hole. As a result of such drop the casing was telescoped and crimped in a "V" shape. The defendant then inserted four inch casing in an effort to drill deeper, but many difficulties were experienced which prevented finishing the well. The work continued under the supervision of Milligan until some time in September, 1947, when the job was abandoned. In the Fall of 1947, one Van R. Turner, an experienced well driller, was employed by the plaintiff to dig a new well, approximately 225 feet from the abandoned one. Water was encountered at a depth of 678 feet with a continuous flow at the rate of from six to seven gallons per minute. The cost to plaintiff for this new project was $3,825.00.

Under point one, he argues that there is no competent evidence in the record to support the court's findings of fact. The find-

ings which the defendant complains of now are Nos. 5 and 6, and are as follows:

"No. 5. That plaintiff performed his part under said agreement but the defendant breached said agreement in that he did not drill said well in a good and workman like manner, but drilled it in a negligent and incompetent manner.

"No. 6. That the defendant's incompetence and negligence and improper drilling methods resulted in the crumping and crumbling of the casing so that when water was reached it was impossible to get proper tools through the hole to clean it in case of sanding."

██ There is a conflict in the evidence as to whether the proper methods were used by the defendant in drilling the well and in setting the casing. The trial court accepted the evidence of the plaintiff's witnesses upon these questions and as it is substantial the findings will not be set aside or disturbed by this court. The defendant not only failed to complete the well to a lower depth than 683 feet, but he left crumbled and telescoped casing in the hole, in such a manner as to prevent the plaintiff from drilling to a lower depth, or at all, for the purpose of developing water. Regardless of any question of negligence, defendant's inability to complete the well to a depth of 700 feet, or until sufficient water was encountered prior to reaching that depth, was due to his own operations and not to any

fault of plaintiff. Where a person is employed in work of skill, the employer buys both his labor and his judgment; he ought not to undertake the work if he cannot succeed, and he should know whether it will or not. See Chico Well Drilling Co. v. Givens, 206 Cal. 468, 274 P. 966; Orr v. Forde, 101 Cal.App. 694, 282 P. 429; Jarrard v. Hill, 14 Ky.Law Rep. 575; Turner v. Hartsell, 4 Ala.App. 607, 58 So. 950; White v. Hulls, 59 Mont. 98, 195 P. 850; Blackburn v. Texarkana Gas & Electric Co., 102 Ark. 152, 143 S.W. 588; Jackson v. Creswell, 94 Iowa 713, 61 N.W. 383; Genni v. Hahn, 82 Wis. 90, 92, 51 N.W. 1096; and Spear v. Snider, 29 Minn. 463, 13 N.W. 910.

It is next urged that plaintiff did not give the defendant notice of the alleged defects in the well until some time after he had employed another driller, and that defendant did not therefore have an opportunity to remedy the defects. This argument is without merit. The defendant's own testimony shows that when he removed his rig from the well he knew that he had left telescoped and crumbled casing in the well which he was unable to pull.

██ Lastly, it is contended by the defendant that the court employed a wrong theory in arriving at the amount of damages assessed against him. The court specifically found that defendant breached his contract. We concur with the trial court's findings thus far. But in determining the damages to be awarded plaintiff the trial

court erroneously included $463.00, the aggregate of sums expended by him after the defendant had abandoned the well, making the correct amount due $3,362.00.

█ That is what the hole in the ground cost him up to the time defendant left it. It may not be worth anything, and may not have been, had it been completed to the depth of 700 feet. But manifestly, if it was worthless as a water producing well at 683 feet, that is not evidence that at 700 feet it would still not produce the necessary amount of water. Indeed, as a venture it may reasonably be said that, in one sense, it was worth up to that point what it had cost, in view of the agreement which recited "until sufficient water is encountered or not to exceed the overall depth of 700 feet." If it had been left so that it could have been utilized for drilling deeper, its worth for that purpose could have been enjoyed by plaintiff and he probably would have been liable for the work up to that point, but it was not so left. It was totally destroyed, as much so as if it had never been sunk at all. Therefore, we think the plaintiff was at the very least entitled to recover what he had expended for labor and material, plus the cost of the old hole, up to the time it was abandoned by the defendant. Ranger Cisco Oil Co. v. Consolidated Oil Co., Tex.Civ.App., 239 S.W. 648; Western Surety Co. v. City of Devils Lake, 8 Cir., 58 F.2d 161; Henry Oil Co. v. Head, Tex.Civ.App., 163 S.W. 311; and Henderson v. Foster, 232 Ky. 519, 23 S.W.2d 917.

For the error committed the judgment is set aside and a new trial ordered unless the plaintiff within ten days files a remittitur of $463.00 of the amount of the judgment rendered. If such a remittitur is filed, the judgment shall thereupon stand affirmed as to the residue. And it is so ordered.

BRICE, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.