638 P.2d 1101

A. B. COCHRELL, and June Cochrell, Plaintiffs-Appellees,

v.

S. L. HIATT, d/b/a Hiatt Construction Co., Defendant-Appellant.

No. 5200.

Court of Appeals of New Mexico.

Dec. 22, 1981.

Paul D. Gerber, Gerber, Ives & Gramer, Santa Fe, for plaintiffs-appellees.

Joseph G. Lawler and Houston Morrow, Sommer & Lawler & Scheuer, P.A., Santa Fe, for defendant-appellant.

## OPINION

WALTERS, Chief Judge.

Defendant Hiatt appeals from a judgment in favor of plaintiffs Cochrell in the amount of $3,970.88. The trial court found that Hiatt had breached a valid roofing contract, and it rendered judgment for plaintiffs in an amount equal to the cost to them for installation of a new insulated roof.

Hiatt challenges nine of the court's findings:

3. On or about June 16, 1976, the Plaintiffs entered into a written contract with Defendant doing business as a sole proprietorship, and whereby the Defend-ant for the sum of $1,083.00, agreed to renovate Plaintiff's roof, install insulation in the roof; reroof and waterproof the roof of Plaintiffs' residence. * * *

9. The roof was inspected and the inspection showed the roofing around the chimney had been improperly installed, permitting a one-inch gap to develop between the chimney and the roof surface; roofing material was pulling away from the parapets; numerous blisters had developed in the surface and had cracked, all of which allowed water to leak into the sub-surface of the roof.

13. The damages sustained to the roof were the result of deficient workmanship and materials provided by Defendant.

18. Defendant represented to Plaintiffs that with maintenance at a nominal charge the roof was guaranteed for 25 years from normal wear and tear and weathering.

19. Plaintiffs were never informed that the guarantee excluded hail damage.

22. On or about January 9, 1977, the roof began leaking into the living room.

23. Defendant made temporary repairs during January, informing Plaintiffs that pursuant to the contract between the parties, he would make permanent repairs on Plaintiffs roof when the weather and temperature would permit.

27. Following Defendant's inspection of Plaintiffs' roof, the roof was inspected by ' * * *, a qualified and experienced roofing contractor, who found no evidence of hail damage thereto.

28. As a result of the failure of the work of Defendant and the inadequacy of the roof installed by Defendant on the home of the Plaintiffs, the Plaintiffs were required to have their roof completely reroofed by a conventional method, in order to prevent water leakage into their home, and replace ruined roofing insulation, and the reasonable cost of such repairs was $3,970.88.

Finding of Fact 22 is challenged because it contains a typographical error: "1977" instead of "1978." The error can be cor-

rected with leave of the appellate court. N.M.R.Civ.P. 60, N.M.S.A.1978. The evidence leaves no doubt that the error was purely typographical; we apply our common sense and read Finding 22 as if written "1978."

■ Defendants' principal claim on appeal is that there was "no allegation or pleading based upon a theory of breach of contract to recover compensatory damages"; that theories of "breach of guarantee and breach of contract * * * were not before the court and were not tried"; and, therefore, "the ultimate findings and judgment based thereon cannot stand."

This argument is a perfect example of an appellant's "semantic aphasia" criticized by Judge Wood in *State v. Keener*, No. 5157 (Ct.App.), filed November 24, 1981.

■ The existence and terms of the contract between the parties were expressly pleaded in three of plaintiffs' ten paragraphs of the complaint; the incidents of roof leakage and descriptions of defendant's conduct detailing failure to fulfill the terms of the contract were alleged in four other paragraphs; a copy of the contract was attached to the complaint as an exhibit. Paragraph 10 claimed "a wilful breach of such contract." To suggest, as appellant's briefs clearly do, that a contract cannot be breached by proofs of negligent performance or by non-compliance with the performance promised, is not only unique but it is also not reflective of New Mexico law. *See Constructors, Ltd. v. Garcia*, 86 N.M. 117, 520 P.2d 273 (1974) (costs to buyer for repair of work negligently done by seller, under contract for services, is recoverable as measure of damages in buyer's claim for breach of contract); *Pillsbury v. Blumenthal*, 58 N.M. 422, 272 P.2d 326 (1954) (plaintiff entitled to recover costs of repairing latent defects because of defendant's poor workmanship and materials, in breach of contract suit against defendant contractor); *Andriola v. Milligan*, 52 N.M. 65, 191 P.2d 716 (1948) (defendant's inability to drill to depth specified by contract because of his own [negligent] operations supports breach of contract suit for damages in amount of cost for drilling new well).

It was said in *Andriola, supra*, that "[w]here a person is employed in work of skill, the employer buys both his labor and judgment; he ought not to undertake the work if he cannot succeed, and he should know whether it [sic] will or not." 52 N.M. at 67, 191 P.2d 716.

The contract in this case provided that Hiatt's company would "renovate" the roof and "[m]ake *all necessary repairs in present roof* to make roof mechanically sound"; that it would "[f]orm [a] reinforced *waterproof* membrane over [the] *entire* roof," and would finish the roof with a heat reflective coating. It provided, also, that plaintiffs had the option to recover the roof with the reflective coating "anytime within the time limit of the guarantee period (25 years from the completion date of work). * * * [at a specific price] regardless of any price increase in the interim."

The court's findings and the evidence indicate that flashing around the chimney area, improperly installed by the original contractor, was a major cause of leakage. Additionally, the roofing material applied by Hiatt terminated approximately a half-inch from the chimney area and was not sealed. Plaintiff's expert believed that both conditions allowed moisture to accumulate and ultimately saturate the insulation installed by Hiatt and leak through into the Cochrell residence.

■ It does not matter that the original flashing work was not done by defendant. Under his contract, he agreed to "renovate" and make "all necessary repairs" to produce a "sound" roof. He promised a "waterproof" cover over the "entire roof." To "renovate" means to make new after decay, destruction, or impairment; to restore worn-out, unsafe, or damaged parts. *William A. Doe Co. v. City of Boston*, 262 Mass. 458, 160 N.E. 262, 263 (1928). To "repair" is "to restore by replacing a part or putting together what is torn or broken * * to restore to a sound or healthy state * * * to make good; [to] REMEDY. * * *" Webster's Third New Int'l Dictionary (1976

ed.). Under the contract, appellant was obliged to do whatever was necessary to produce a waterproof roof.

■ The reference in the contract to an option granted to plaintiffs during "the guarantee period (25 years from the completion date of work)," especially since "25" was filled in the blank space by appellant, and other evidence given, sufficiently supports Finding 18.

■ We review supported findings in the light most favorable to the successful party. *Southern Union Exploration Co. v. Wynn Exploration Co., Inc.*, 95 N.M. 594, 624 P.2d 536 (Ct.App.1981). There is ample evidence to sustain the ultimate findings of deficient workmanship, inadequacy of the work done, resultant damage, and cost of repair and replacement. The portion of Finding 13 relating to "deficient materials," and Findings 19, 23 and 27, all challenged by appellant, are unnecessary to the trial court's decision. Conclusions 4 and 6 place the cause of damage on "the pulling away of the roof coating and covering from the fire walls and chimney area and failure of the roof to withstand normal weather conditions" and not because of "any matters expressly excluded or excepted" in the contract.

■ Whether any or all portions of the challenged findings were erroneous, if they were unnecessary to the court's decision (and we have shown they were unnecessary), their incorrectness affords no grounds for reversal. *Matheison v. Hubler*, 92 N.M. 381, 588 P.2d 1056 (Ct.App.1978).

The judgment is affirmed.

HENDLEY and NEAL, JJ., concur.