Ruffin, C. J.
 

 It is true that every occupation of land under another is, in modem times, from considerations of policy,
 
 prima facie
 
 deemed a tenancy from year to year.— But it is clear, that, while the owner is thus under the necessity of shewing the particular terms of the contract under which the occupation arose, he may shew that it was not a tenancy from year to year, but strictly a tenancy at will, or any _other tenancy to be determined at a particular time or upon a particular event by the express agreement of the parties ; and by that means avoid the necessity of giving six months’ notice to quit. Thus, one let into possession upon a contract of sale, is but a tenant at will, strictly so called.
 
 Love
 
 v
 
 Edmonston,
 
 1 Ired. Rep. 152. In like manner, one entering under a valuntary promise of the owner to convey, is not tenant from year to year.
 
 Carson
 
 v
 
 Baker,
 
 4 Dev. 220. And those persons, it was held, were entitled, before being sued, to notice to quit for the purpose of determining the lawfulness of their possession, but were not entitled to six months’ notice. So, it would seem, it must be in every case in which the parties contract for a less notice than six months, or agree that there need not be any notice, or the occupation is not referable to a year or any particular part of the year, but is referred expressly to the determination of
 
 *364
 
 one or both of the parties.
 
 Richardson
 
 v Longridge, 4 Taunt, 128. 5 Barn & Ald. 604. 1 Dow. & Ry. 272.— Here the ease states that-the father .put the son into .posses-without an agreement for rent, and with an express provision, that the latter should leave it “ whenever” the former should require, and not at the end of any year that the father might require. It seems to us, that there could not be a plainer .common law tenancy at will, nor a more distinct renunciation of the right to six mouths’ notice.
 

 As to the argument, that the defendant’s right to the em-blements should prevent the turning him opt in August, when a growing crop might need cultivation and saving ; the answer is, that the right to the emblements does not give a right to the possession or an estate in the land, but .only the privilege of ingress and egress, as far as necessary, for .due attention to the crop.
 

 JPer Curia.m. Judgment affirmed.