Filed Sept. 16, 1891.

---

No. 234.

## COLLIER v. CUNNINGHAM.

LANDLORD AND TENANT.—*Lease.—Condition Against Subletting.—Violation of.—Rights of Assignee to Growing Crops.—Ejectment.—Res Judicata.*—A lease contained a condition against assigning or subletting to a certain third person. The lessee, who had sown wheat on the land, sold his interest in the growing wheat to such person, and assigned to him the lease, he making the purchase and taking the assignment of the lease in good faith, without actual knowledge of the condition. In an action in ejectment commenced by the lessor immediately after the sale and assignment of the lease, a judgment was rendered in his favor for the recovery of the possession of the land ; but the right to the wheat was not litigated or determined. After the lessor was put in possession of the land he took possession of the wheat and harvested and threshed it.

*Held,* that the lessor, by the recovery in the action in ejectment, was not entitled to the wheat growing on the land previous to the commencement of the action, but only to the crops growing on the land which were planted after the action was commenced.

*Held,* also, that it was not the duty of the assignee to put the question as to the right to the wheat in issue in the ejectment suit.

*Held,* also, that the violation of the condition in the lease against subletting did not work a forfeiture to the lessor of the growing wheat, and that the assignee was entitled to recover its value when threshed, less the expenses of harvesting and threshing incurred by the lessor.

PLEADING.—*Reply.—Sufficiency of.—Demurrer.*—A reply, to be sufficient on demurrer, must respond to the entire answer to which it is addressed.

From the Noble Circuit Court.

*P. V. Hoffman,* for appellant.

*L. H. Wrigley,* for appellee.

ROBINSON, J.—The appellant commenced this action

against the appellee to recover the value of wheat and oats, the property of the appellant, which the complaint alleged had been unlawfully carried away and converted by the appellee.

The appellee's answer was in two paragraphs: First. General denial. The second set up facts showing that the appellee had leased the lands, upon which the wheat and oats were raised, to one John T. Cunningham for a share of the crops, to be delivered in the bushel after the crops were harvested; that the conditions of said lease were that the land was to be farmed in a certain specified way by said Cunningham, personally; that said lease was made upon the express agreement and condition that the lessee should not assign or sublet any part thereof to the appellant, or permit him to have anything to do with said lease in any way; that said lessee attempted to transfer to the appellant his interest in said lease without appellee's knowledge or consent, and had placed appellant in possession under said attempted transfer, and had thereby violated the conditions of said lease and forfeited the rights and estate therein to appellee; that the wheat was sown in the fall of 1888, and the oats were sown after appellee demanded possession, on the 18th day of April, 1889, and after the appellee commenced an action in said court against said appellant and said Cunningham to recover the leased lands, which action was tried on the 4th day of June, 1889, by said court, and the appellee was adjudged to be the owner of the lands and recovered the possession thereof, and on the 12th day of June, 1889, the sheriff of said county, in pursuance of a writ duly issued on said judgment by the clerk of said court, ejected the appellant from said lands, and placed the appellee in possession thereof, since which time said lands had been in the adverse possession of the appellee. A certified copy of the pleadings, judgment, record, writ of possession and return thereon was made a part of the answer; that said wheat and oats were growing on said lands when said judgment was ren-

dered and when appellee was placed in possession thereof; that appellant never acquired any claim or interest in said wheat or oats, except such as claimed under the transfer of said lease to him ; that before this action commenced appellee harvested, threshed and sold said wheat and oats, etc.

Appellant demurred to the second paragraph of the answer, which was overruled and exceptions taken.

Appellant then replied to the second paragraph of the answer by general denial, and by second paragraph alleging that since the filing of said answer a new trial had been granted in said ejectment suit.

A demurrer was sustained to the second paragraph of the reply, and exception taken.

The cause was tried by a jury, which returned a special verdict.

Both appellee and appellant moved for judgment upon the special verdict of the jury.

The court sustained the motion of the appellee and overruled the motion of the appellant, and exceptions were taken by the appellant.

Under the assignment of errors the only errors the appellant discusses are the alleged error of the court in sustaining the appellee's demurrer to the second paragraph of the reply, and in sustaining appellee's motion and overruling appellant's motion for judgment on the special verdict of the jury.

No question is made in the case as to the oats, the appellant having on the trial waived all right to them ; the controversy relates entirely to the wheat.

There was no error in sustaining the demurrer to the second paragraph of the reply.

The reply does not respond to the second paragraph of the answer to which it was addressed. It alleges that after the filing of the answer a new trial had been granted in the ejectment suit, but there were other matters of defence alleged in the answer which are not denied or avoided by the

reply. *Silvers* v. *Canary*, 109 Ind. 267; *Gerard* v. *Jones*, 78 Ind. 378.

It may be further said that from the special findings of the jury it does not appear that appellant was in any way harmed by the ruling of the court on the demurrer to the reply.

The questions in this case must be determined under the assignment of error that the court erred in sustaining appellee's motion, and in overruling appellant's motion for judgment on the special verdict of the jury.

The material facts found by the jury were: That in the winter of 1888 appellee leased her farm to John F. Cunningham, who entered into the possession thereof in March or April, 1888, and under the terms of the lease was to retain the possession of the farm as long as the parties could agree. The tenant was to pay appellee rent by delivering her two-fifths of the crops on the premises, except as to hay and clover seed, which was to be one-half the crop; each party was to furnish one-half the clover seed for sowing. There was a condition in the lease against assigning or subletting it to the appellant. Appellee furnished Cunningham, the tenant, thirty bushels of wheat in the fall of 1888, part of which he used to seed eleven acres, which he agreed to pay back with interest when he harvested and threshed said crop, which wheat was worth seventy-five cents per bushel. Cunningham, as such tenant, continued in possession of the farm until some time after the 16th day of April, 1889, at which date Cunningham, as such tenant, for the consideration of one hundred and twenty-five dollars, sold appellant certain personal property and three-fifths of said wheat as sown on appellee's farm, and also assigned to appellant said lease, at which time Cunningham, as such tenant, was in possession of said premises. After said sale and assignment of the lease he surrendered possession of the premises to the appellant, who entered into possession under said assignment.

When appellant purchased said property, and took the assignment of said lease, and when he entered into possession of the premises he had no actual knowledge that there was any condition in the lease against assigning or underletting it. Immediately upon appellee's ascertaining that appellant had entered into possession of said farm, she demanded possession, which was refused. On the day ensuing such demand appellee commenced an action in said court in ejectment to recover possession of said premises, alleging in her complaint that she was the owner in fee simple of said premises, entitled to posession of the same, and that appellant wrongfully kept her out of possession, etc. Appellant and said Cunningham appeared to said action, and answered by general denial. Said cause was tried at the May term, 1887, of said court, and verdict and judgment was rendered in favor of the appellee for the recovery of the possession of said premises, and $—— damages for the detention of the same, and costs of suit, which judgment was in full force, etc.

A writ of restitution was issued on said judgment to the sheriff of said county, who ejected the appellant under said writ, put the appellee in possession of said premises and collected from the appellant the costs and damages thereon. Upon the trial of said ejectment suit, the question as to the right and title of said three-fifths of said wheat was not litigated and determined. The question as to whether it was personal property or real estate was not actually tried. No evidence being offered on the question as to whether it was a sale of the wheat separate and distinct from the assignment of the lease, no evidence was given as to the amount of the wheat, its value, or the duties of the parties in relation to harvesting it.

The sole question determined in said action, as a question of fact, was whether or not there was a condition of said lease against assigning or underletting, and whether appellant entered in violation of said condition. Upon said question said verdict and judgment was against the appel-

lant. If said judgment determined the right to said wheat it was only because of its legal effect, and not because the question as to the right of said wheat was actually tried in said suit. The amount of the wheat raised and threshed out of said crop was one hundred and forty-six bushels, three-fifths of which, being eighty-seven bushels, was worth seventy-five cents per bushel when harvested and threshed. Appellee refused to let appellant harvest the same, but took possession of it and harvested and threshed it. The reasonable cost of harvesting and threshing said wheat was $28.05. It was agreed on the trial that appellant made no claim for the oats mentioned in the complaint.

Upon the foregoing facts the jury found if the appellant was entitled to recover for the whole three-fifths of said wheat, then the finding was for the appellant for $65.70, but if appellant was entitled to recover for three-fifths of the wheat less the reasonable expense of harvesting and threshing it, then the finding was for appellant for $37.65, or if he is entitled to recover for said three-fifths of said wheat less thirty bushels furnished John Cunningham by appellee, then the finding was for the appellant for $43.20, or if appellant was entitled to recover for three-fifths of said wheat less thirty bushels, and also the reasonable cost of harvesting and threshing, then the finding was for the appellant for $13.20.

The motion of the appellant for judgment in his favor on the special verdict of the jury was made separately upon each assessment of damages by the jury, and each motion was separately overruled by the court.

Among the controlling questions in this case are the facts found by the jury " that there was a condition in the lease against assigning or subletting it to the appellant," and the effect of the action by which appellee recovered and was put in possession of the real estate. There were other facts found by the jury that have a bearing on the case, but these are the main questions to be determined. As has been stated, the

jury found there was a condition in the lease against assigning and subletting to the appellant, and under this finding, although the wheat was sown in the fall of 1888, and the attempted transfer of the lease was not made until the 18th of April, 1889, appellee claims that the wheat thus growing and that had been sown by the original lessee was forfeited, and appellant was divested of any right or interest therein. It was also found by the jury that the appellant purchased of Cunningham, the lessee, certain personal property and three-fifths of said wheat for one hundred and twenty-five dollars, and at the same time took an assignment of said lease, and that appellant had no actual knowledge that there was a condition in the lease against assigning or underletting.

It is true that under the law appellant was chargeable with notice of the conditions in the lease, but the fact being found that he had no actual knowledge shows that he purchased in good faith. Besides, it can not be doubted that the lessee had the right to sell the appellant his interest in the growing wheat.

The finding of fact by the jury on this point, fairly construed, is that the three-fifths of the wheat, and other personal property, were sold to the appellant for the consideration stated, and the lease was assigned.

Coming now to the finding of fact by the jury as to the condition in the lease against assigning or subletting to the appellant, the question is presented, was this condition in the lease sufficient, on being broken, to work a forfeiture of the growing wheat?

The usual conditions contained in leases against assigning or subletting without the consent of the lessor, and if so assigned or sub-let without such consent, shall vacate, make void or work a forfeiture of the lease, were not contained in the lease in this action, the only condition in which lease was against assigning or subletting to the appellant.

"If a lease provides that if the tenant shall assign the lease it shall become void, the lease is voidable, not void. And an

assignment contrary to the terms renders the assignee chargeable with the terms of the lease, and the landlord will not be estopped from claiming a forfeiture, if the lease so provides." 12 Am. and Eng. Encyc. of Law,1031.

In Taylor Landlord and Tenant, sections 402 and 403, it is said : "A covenant * * not to assign or underlet the premises without the express permission of the landlord, accompanied by a clause of re-entry in case of breach, is frequently inserted in a lease. And although it seems to be a reasonable privilege that a man shall exercise this restraint for the salutary purpose of selecting such tenants as he is satisfied will take care of his property and pay rent punctually, it is a restraint which courts of law do not much favor. * * * Covenants of this description are construed by courts of law with the utmost jealousy, to prevent the restraint from going beyond the express stipulation."

Appellee refers us to the case of *Indianapolis, etc.,* v. *Cleveland, etc., R. W. Co.,* 45 Ind. 281. In that case the lease contained a condition against assignment or sub-letting any portion of the premises without the written consent of the lessee, and provided that a violation of this condition should vacate the lease.

Under the finding of facts by the jury upon this branch of the case, when applied to the law, it seems to make it clear that the appellee was not entitled to the three-fifths of the wheat that had been sown the fall previous, and was growing at the time appellant purchased of appellee's tenant and lessee. *Livingston* v. *Stickles,* 7 Hill, 253 ; *Brown* v. *Bragg,* 22 Ind. 122.

The appellee further contends that the judgment for the recovery of the possession of the real property carried with it the right to cut and harvest the wheat that had been growing on the land some months previous to the commencement of the action.

There was nothing in the special verdict of the jury that invested in the appellee the right to the wheat; in fact the

jury found that in the action to recover the real estate, the question as to the right and title to three-fifths of the wheat was not litigated or determined; that no evidence was given in relation to the wheat; that the sole question determined in said action was whether or not there was a condition in said lease against assignment or underletting, and whether the appellant entered in violation of said condition; that upon that question the verdict and judgment was against the appellant; that if the judgment determined the right to the wheat, it was only because of its legal effect, and not because the question of the right of said wheat was actually tried in said action.

We do not concur with the appellee that it was the duty of the appellant to put the question as to the right to the wheat in issue in the ejectment suit, or that the rule " that what might have been litigated will be considered as having been litigated and adjudicated " applies in this case.

What has been said upon the lease and the assignment, and our conclusions upon the facts found by the jury connected therewith, apply with much force as to the effect of the judgment in the ejectment suit.

There is no doubt that where, as in this case, the plaintiff in ejectment recovers the land he is entitled to the crops thereon growing, or cut and shocked thereon, which were planted after the action was commenced. · *Page* v. *Fowler*, 39 Cal. 412; *McCaslin* v. *State, ex rel.*, 99 Ind. 428; Adams Eject. (4th ed.) 416; *Lane* v. *King*, 8 Wend. 584; *McLean* v. *Bovee*, 24 Wis. 295; *Rasor* v. *Qualls*, 4 Blackf. 286.

But this rule does not apply to crops planted by the lessee in possession before the commencement of the action, and therefore the recovery by the appellee in the action of ejectment did not carry with it the right to the wheat sown by her tenant the fall previous to the commencement of the action.

Having reached these conclusions, the circuit court should have overruled the motion of the appellee for judgment in

her favor on the special verdict of the jury, and sustained the motion of the appellant for judgment in his favor. The question then is as to the amount of the judgment to be awarded the appellant.

The jury found that if the appellant was entitled to recover for the whole three-fifths of the wheat the amount of his recovery should be $65.70.

One of the special findings of the jury was, that appellee furnished her tenant, Cunningham, thirty bushels of wheat in the fall of 1888, a part of which he used to seed eleven acres, sowed under appellee's direction, which he agreed to pay back, with interest, when he harvested and threshed the crop, which was worth seventy-five cents per bushel. The special finding does not show how many bushels of the wheat was sowed, and if appellee was entitled to a deduction on account of wheat furnished by her to Cunningham, her tenant, the findings of fact furnish no data as to the amount to be charged to appellant should he be chargeable with such wheat, and we think he was not so chargeable.

In arriving at the value of the wheat at the time of its conversion, it seems that the appellant should be charged with the cost of harvesting and threshing, found by the jury, to wit, $28.05. This being done, would entitle the appellant to a judgment for $37.65.

The judgment is reversed, at the costs of the appellee, with instructions to the circuit court to overrule appellee's motion for judgment in her favor on the special verdict of the jury, and to sustain appellant's motion for judgment in his favor and to render judgment in favor of the appellant on the special verdict of the jury for the sum of $37.65.

Filed Sept. 16, 1891.