Argued November 23, reversed and remanded December 23, 1920.

## HOSTETLER *v.* ECCLES.

(194 Pac. 166.)

**Landlord and Tenant—Tenant cannot Harvest Crops Sown Which cannot Mature Before Fixed Termination of Lease.**

1. When the termination of a farm lease is specified to occur at a certain date, the tenant who sows a crop which cannot mature and be harvested before the termination of the lease plants at his peril, notwithstanding Section 2546, Or. L.

**Landlord and Tenant—Lessee Entitled to Harvest Crop Sown Prior to Uncertain Termination of Lease.**

2. Where farm lease provided for termination of lease on lessor's sale of the property prior to expiration of the specified

---

1. Right of tenant, under lease for fixed period, to crops after termination of lease, see note in 9 **Ann. Cas.** 1139.

term, lessee, having planted crop, had the right under Section 2546, Or. L., to enter upon the land and gather the crop, since in such case the termination of the lease depended on an uncertain event.

**Judgment—Judgment Against Tenant in Forcible Entry and Detainer Precludes Recovery in Subsequent Action for Seed and Work in Planting Crops.**

3. Where lessee under farm lease providing for termination of lease prior to expiration of specified term on lessor's conveyance of the premises planted crop prior to termination of lease effected by such conveyance, and was thereafter ousted from possession by judgment in forcible entry and detainer action prior to harvesting of crop, such judgment would be conclusive in lessee's action to recover the value of the seed and labor in planting crops if lessee's right to enter on land and harvest the crops sown could have been set up as a defense in the forcible entry and detainer action, since one cannot be cast in damages or suffer on account of a judgment regularly rendered in his favor.

**Landlord and Tenant—No recovery for Crops Planted Prior to Termination of Lease Without Allegation That Owner Prevented Harvest Thereof.**

4. Where lessee subsequent to termination of lease was entitled under Section 2546, Or. L., to enter on land and gather crops planted prior to termination, he could not recover from owner the value of seed and work in planting crops without alleging that owner prevented him from harvesting crop so planted.

**Landlord and Tenant—Value of Seed and Labor Held not Recoverable on Termination of Lease Without Showing Arbitration of Amount.**

5. Where farm lease provided for termination of lease prior to expiration of term on lessor's conveyance of land on demand by purchaser, and provided that on demand before certain date lessee should recover for labor and seed in planting crops prior thereto, the amount to be determined by arbitration, lessee could not recover for labor and seed in planting crops prior to a demand subsequent to such date, on theory that the value of the seed and labor is to be adjusted as if the demand had been made prior to such date, without showing an effort to comply with the provision as to arbitration.

**Landlord and Tenant—Payment to Lessee for Termination Before Expiration of Term Held not to Preclude Harvest of Crops Previously Planted.**

6. Where farm lease provided for termination on conveyance of land by lessor prior to expiration of specified term, on purchaser's demand for possession, and provided for cash payments to lessee on such termination of lease, such payment was a compensation for termination of term, and did not preclude lessee from entering on land and harvesting crops planted prior to termination under Section 2546, Or. L.

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 1.

In substance, the complaint alleges that on April 24, 1915, the plaintiff leased some land from the Base Line Land Company, took possession, and remained in occupancy of the premises from that date until December, 1917. During the month of January, 1917, the lessor sold the property to the present defendant, also assigning and setting over unto him all of its interest in the lease.

It is then stated that about October 28, 1917, while the plaintiff was yet in possession of the premises, the defendant demanded possession and tendered $200 in gold, requiring the relinquishment of the property on November 1, 1917. The plaintiff declined to deliver possession, and afterwards Eccles instituted an action of forcible entry and detainer against the present plaintiff, resulting in a judgment whereby the plaintiff was obliged to give up the possession of the premises and the whole thereof, which he actually did in December, 1917. Thus far there is no issue on the allegations of the complaint.

The plaintiff goes on to say that before the demand was made for the possession of the premises he had sown 30 acres of wheat and 7 acres of oats, and had done some work cultivating the meadow, laying out labor, materials and seed of the total reasonable value of $516.70. Averring a demand that the defendant reimburse him for seed and labor, which the defendant refused to do, the plaintiff alleges that there is now due and owing' from the defendant to him the sum of $516.70, for which he demands judgment.

The lease in question, attached to and made a part of the complaint, contains the following provisions:

"It is further agreed that, in the event the aforesaid property is sold during the term of this lease and actual possession is required and demanded, the lessee herein will quit and deliver up the premises upon the following terms and conditions, to wit:

"If sale is made and possession is required prior to June 1st of any year during the term of this lease, the lessee shall be entitled to and shall receive payment for labor performed in planting crop and for seed planted, price for labor and seed to be adjusted by usual method of arbitration if an agreement cannot be reached otherwise.

"If sold and possession is required after June 1st and before November 1st of any year of the term of this lease, lessee shall be entitled to remain in possession until the November 1st following and to remove the crop. If lessee is allowed to remove crop, no payment is to be made him for seed or labor.

"In the event of sale as above set forth, lessee shall further receive a cash payment of $400 if possession is required before November 1, 1915, $300 if possession is required between November 1, 1915, and November 1, 1916, $200 if possession is required between November 1, 1916, and November 1, 1917, on receipt of which said lease is to be surrendered and canceled, providing terms hereinbefore set forth have been carried out."

The defendant demurred generally to the complaint, but the same was overruled. In the view of the case we take, we deem it unnecessary to consider the answer or the reply, because practically they raise the same questions involved in the demurrer. Suffice it to say that judgment was entered for the plaintiff, and the defendant appeals.

REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. James P. Stapleton.*

For respondent there was a brief and an oral argument by *Mr. W. W. Dugan, Jr.*

BURNETT, J.—The lease involved was for the purpose of farming or agriculture, and it is said in Section 2546, Or. L.:

"When the leasing or occupancy is for the purpose of farming or agriculture, the tenant, or person in possession shall, after the termination of such lease or occupancy, have free access to the premises to cultivate and harvest, or gather any crop or produce of the soil planted or sown by him before the service of notice to quit."

1, 2. We are not unmindful of the principle that, when the termination of a lease is specified to occur at a certain date, the tenant who sows a crop which cannot mature and be harvested before the termination of the lease, plants at his peril. This is not such a case. The termination of the lease involved is not one which would naturally occur by a mere lapse of the term. The ending of the lease as described in the complaint was uncertain, dependent upon whether or not the purchaser of the land should demand possession. The defendant here is concerned only about when demand is made for relinquishment, irrespective of when the sale was made. Of course, a sale must have been made before he could be required to surrender possession. In other words, so long as the property was owned by the original landlord, the lease could not be terminated except for a breach or rescission, until its natural expiration on November 1, 1918. But, given a sale, it is within the prerogative of the new landlord to demand possession at any time. By the terms of the lease, a demand of possession prior to June 1st of any year entitled the lessee to receive payment for labor per-

formed in planting the crop and for seed planted, etc., and this was to be determined by the usual method of arbitration if an adjustment could not be reached otherwise. That is the formula appropriate to a demand made prior to June 1st. Upon a demand made between then and November 1st the lessee is entitled to remain in possession until the first day of November next following—in this instance four days after the demand. But his rights do not utterly end at that time, if nothing else is shown. He is further entitled to remove the crop. This lease is affected by Section 2546, Or. L., *supra,* and the parties must be deemed to have contracted with reference to that statute. Hence, where the termination of the lease depends upon an uncertain event, as, for instance, a demand made at the discretion of the landlord, the tenant would have free access to the premises to cultivate and harvest the crop sown by him before the service of the notice to quit. That is this plaintiff's remedy in case of a demand made between June 1st and November 1st following.

3. But it appears from the complaint that the defendant here recovered a judgment against the present plaintiff in the forcible entry and detainer action ousting the latter from the possession of the property. If it were permissible in such an action for the defendant to aver the sowing of the crop prior to the service of the notice and the resultant statutory right of access to cultivate and harvest the same as a defense, at least *pro tanto,* against the action of forcible entry and detainer, it would seem that the judgment there entered would be conclusive against the plaintiff here. The present defendant cannot be cast in damages or suffer on account of a judgment regularly rendered in his favor.

4. It is not necessary, however, to place the decision wholly upon the theory that the forcible entry and detainer judgment has the effect to bar the present plaintiff in his effort to collect his claim for seed and labor. Much may depend upon the issues joined in that action, and it is possible that the defect of the present complaint in that respect may be obviated by amendment. As before stated, the plaintiff's remedy under the lease is the right to remove the crop as against a demand made between June 1st and November 1st following. As against a demand made for the possession between those dates the plaintiff's claim for compensation for crops sown is to be satisfied by his reaping that which he has sown, and not by a ratable payment of money as of a price. He must look to his remedy provided by the contract, a breach of which might give rise to an action for damages as for a tort. It is not averred in the complaint that the defendant in any way prevented the plaintiff from having access to the premises to cultivate and harvest the crop, and until this is shown he has stated no cause of action based upon the demand for possession which he avers.

5. Further, if the matter of labor and seed for the crop sown after June 1st and prior to the notice to quit is to be adjusted the same as upon a demand made before that date, it is requisite· that the rights of the parties be determined by arbitration, as provided in that clause of the contract, or that some valid reason be adduced for not doing so. In a well-considered opinion in *Meyers* v. *Pacific Construction Co.,* 20 Or. 603 (27 Pac. 584), written by Mr. Justice LORD, it was held that:

"Where a contract provides that disputes or differences arising between the parties shall be sub-

mitted to some certain person for settlement, whose decision shall be final, it is incumbent upon the plaintiff, in an action upon such a contract, to allege and prove a compliance with that condition, or at least a reasonable effort to comply with it.''

See, also, *Ball* v. *Doud*, 26 Or. 14 (37 Pac. 70).

In brief, if the judgment rendered against the present plaintiff in the forcible entry and detainer action concludes his rights under Section 2546, Or. L., he cannot maintain this action at all. If it is not conclusive as to his right to reap the away-going crop, his remedy as thus far disclosed was to avail himself of the statutory privilege of free access to the premises for the purpose of gathering the crop he had sown prior to service of the notice. It is not shown by the complaint that the defendant obstructed the plaintiff in the exercise of that right. And further, if the value of the seed and labor is to be adjusted as if the demand had been made prior to June 1st, it is requisite that the plaintiff show at least an effort to comply with the clause referring disputes to arbitrators.

6. Something is said in the argument to the effect that the admitted tender of $200 foreclosed the claim of the plaintiff as stated in the complaint. In our judgment, the payments provided for in the quoted clause are independent of the question about labor and seed furnished or the removal of the crop. It will be observed that the cash payments mentioned are to be made solely with reference to the first day of November in any year and without any allusion to the date of June 1st Let us take the twelvemonth between November 1, 1916, and November 1, 1917. It is plain that upon a demand for possession made, say in May, 1917, the tenant would be entitled to payment of a price for labor and seed laid out in plant-

ing the crop and to "receive further" a cash payment
of $200 specified for that period. A demand after
June, 1917, would not affect the stipulated payment of
$200, or be affected by it. The only difference be-
tween the result of the two demands is that under the
first the tenant receives a price for his labor and seed
plus the payment of $200, while under the second he
has the right "to remove the crop" he has sown, plus,
as before, the payment of $200. This payment is a
constant quantity in the problem of canceling the
lease, while that relating to the crop is variable, de-
pendent upon when the demand was made. If the de-
fendant had called for the possession after June 1st
and while the crop reaped in 1917 was still growing,
or before the plaintiff had sown any seed for the next
crop, $200 would have satisfied the cash outlay re-
quired. But, having deferred his demand until a new
crop was planted, the defendant was bound to allow
the tenant access to the premises to cultivate and
harvest that crop thus sown, unless the tenant is
otherwise barred. It is clearly the intent of the par-
ties and a fair construction of the lease to hold that
the cash payments were intended as compensation
for the surrender of the term, and that the away-
going crop should be otherwise adjusted, on the basis
of compensation for labor and seed, if the demand
was made prior to June 1st of any calendar year, and
of removing the crop if the demand was made after
June 1st and before November 1st of the calendar
year; in other words, the tenant was entitled to the
appropriate payment absolutely and at all events,
and the lease was to be surrendered and canceled,
provided the preceding terms relating to the crop
had been carried out. But, before the plaintiff can
recover anything for the seed and labor laid out by
him in his farming operations as against a demand

made between June 1st and November 1st, he must show some valid reason why he was wrongly denied the privilege of removing the crop.

The demurrer ought to have been sustained. The judgment is therefore reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

McBRIDE, C. J., and BEAN and HARRIS, JJ., concur.