Argued February 1, affirmed April 3. Motion to recall mandate allowed May 22, mandate returned and judgment corrected, June 5, 1923.

## GARRETT v. JOHNSON.

(212 Pac. 110.)

From Klamath: D. V. KUYKENDALL, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief over the name of *Mr. Wm. Marx.*

For respondent there was a brief over the names of *Mr. H. M. Manning* and *Messrs. Wilbur, Beckett & Howell* with an oral argument by *Mr. R. W. Wilbur.*

McCOURT, J.—Plaintiff prosecutes this appeal from a judgment in favor of the defendant. There is no bill of exceptions in the record. The record brought here consists of the following: (1) The short transcript; (2) A transcript of only a small portion of the testimony given upon the trial; and

(3)  A printed abstract of the pleadings and some other papers purporting to be of record in the trial court, together with assignments of alleged error. The matters hereinafter stated appear from that record.

Plaintiff brought this action to recover damages for personal injuries, which he alleged were caused by a surgical operation performed upon him in a careless, negligent and unskillful manner by defendant, who is a regularly licensed physician and surgeon.

The answer filed by defendant put in issue all the charges of negligence and lack of skill and the claims of injury and damages alleged in plaintiff's complaint.

Two days before the trial of the action, defendant filed a motion, supported by affidavit, wherein he applied to the court for an order requiring plaintiff to submit his person, before the trial, for a physical examination by competent and reputable physicians and surgeons, to be appointed by the court.  Plaintiff did not resist the motion, and accordingly the same was granted.  Plaintiff did not object nor except to the allowance of the motion, but acquiesced in its requirements, and submitted to the physical examination directed therein, without protest.

Plaintiff further entered into a stipulation with the defendant, wherein the filing of written findings by the physicians appointed to examine plaintiff, was expressly waived by plaintiff, and in which it was agreed that either party to the action might call said physicians as witnesses on the trial, and examine them orally as to the condition of plaintiff, and that either party might question said physicians prior to the trial as to the result of their examination.  Plain-

tiff called as a witness in his behalf, one of the physicians who made the examination.

Plaintiff assigns as error the action of the court in allowing defendant's motion to require plaintiff to submit his person for physical examination, as above stated.

The record above described discloses that the action of the trial court which plaintiff assigns as error was taken with his consent, and that the question suggested by plaintiff's assignments of error was not raised below.

Questions not raised in the lower court, and which do not challenge the jurisdiction of that court, are not reviewable here: *State* v. *Anderson,* 10 Or. 448; *State* v. *Abrams,* 11 Or. 169 (8 Pac. 327); *United States Mortgage Co.* v. *Marquam,* 41 Or. 391, 405 (69 Pac. 37); *Stoddard Lumber Co.* v. *Oregon-Washington R. & N. Co.,* 84 Or. 399, 418 (165 Pac. 363, 4 A. L. R. 1275).

Upon the record before it, this court is without authority to review the decision upon the motion requiring plaintiff to submit to a physical examination, and accordingly the judgment of the Circuit Court is affirmed.

AFFIRMED. MANDATE RETURNED AND JUDGMENT CORRECTED.

MCBRIDE, C. J., and BEAN and BROWN, JJ., concur.