Argued October 16, affirmed November 18, 1924.

# W. W. HOSTETLER *v.* R. S. ECCLES.

## (230 Pac. 549.)

**Appeal and Error—Proposition Decided on Former Appeal Became Law of Case.**

1.  Proposition decided on former appeal became law of case.

**Landlord and Tenant—Emblements as Products of Seeds Planted by Lessee Before Receiving Notice to Quit Held Property of Lessee.**

2.  Under Section 2546, Or. L., emblements as products of seeds sown by lessee before receiving notice of termination of lease *held* to belong to him.

**Landlord and Tenant—Lessee's Breach of Lease by Failure to Vacate After Receiving Notice Held not to Defeat His Right to Remove Crop.**

3.  Lessee's right to remove crop planted prior to receiving notice to quit *held* derived from Section 2546, Or. L., and not dependent on clause in lease conferring that right; hence breach of lease by lessee by refusing to vacate did not affect his right to remove the crop so planted.

**Landlord and Tenant—Lessee's Failure to Vacate Held Compensated by Judgment Rendered in Forcible Entry and Detainer, and Did not Bar Him from Thereafter Suing Lessor for Subsequent Conversion of Crop.**

4.  An executed judgment rendered in forcible entry and detainer, which, pursuant to Sections 2535, 2539, Or. L., awarded restitution to lessor of premises wrongfully withheld, and for costs and disbursements, *held* full compensation for lessee's breach, so that such breach did not bar lessee from suing lessor for subsequent conversion of lessee's crop on the land.

**Landlord and Tenant—Right to Emblements Gives Privilege of Necessary Ingress and Egress to Attend to Crop.**

5.  Right to emblements does not extend to the possession of land, but gives one only the privilege of the necessary ingress and egress to attend to the crops.

**Landlord and Tenant—Judgment of Restitution in Forcible Entry and Detainer Does not Restore Possession More Comprehensive Than the Surrender of Possession Effects.**

6.  Since tenant's surrender of premises does not surrender his right to go in and take his crops, judgment of restitution in forcible entry and detainer does not restore a possession more comprehensive than the surrender of possession effects.

**Pleading—Defendant Meets Every Requirement When He Answers Complaint.**

7.  A defendant meets every requirement when he answers complaint.

Judgment—Lessee's Failure to Plead Right of Access to Crops Held
    not Bar to Subsequent Action for Lessor's Conversion of Crops.

8.   Where complaint in forcible entry and detainer, in which judg-
ment of restitution was granted to lessor, contested only lessee's
right to remain in possession under lease, lessee's failure to plead his
right of access to remove his crops did not affect that right, and the
judgment was not a bar to action against lessor for a subsequent
conversion of the crops.

Appeal and Error—Appellant Could not Complain for First Time on
    Appeal of Alleged Error in Measure of Damages for Conversion
    of Crops.

9.   The Supreme Court could not review an alleged error of the
trial court in application of rule of damages for conversion of crops
by plaintiff's lessor after termination of lease, where such conten-
tion was first made on appeal and no ruling was invoked below on
that question and none given.

Landlord and Tenant—Tenant's Failure to Vacate After Notice to
    Quit Held not Waiver of Right to Take His Crops.

10.   Tenant's failure to vacate after notice to quit *held* not
waiver of right to take his crops.

Appeal and Error—Supreme Court Could not Consider Alleged Error
    in Admission of Evidence Where not Objected to nor Ruled on.

11.   Where appellant made no objection to the admission of evi-
dence complained of, nor any motion to strike it or to exclude it,
and no ruling of the court in relation thereto was made, the Su-
preme Court could not consider such alleged error.

Appeal and Error—Failure of Assignments of Error to Refer to
    Claimed Error in Admission of Evidence Precluded Considera-
    tion of Such Error.

12.   Failure of assignments of error to refer to claimed error in
admission of evidence precluded consideration of such error.

From Clackamas: ROBERT TUCKER, Judge.

Department 2.

AFFIRMED.

This is an action for damages for the conversion
of personal property belonging to the plaintiff, re-
spondent here. It appears from the complaint that
the respondent leased a certain farm from the Base
Line Land Company, a corporation, under a written
lease, and entered into the possession of the premises
about the twenty-fourth day of April, 1915, and
continued in possession until on or about the 24th

of December, 1917. In January, 1917, the Base
Line Land Company sold the real property to the
defendant, appellant here, R. S. Eccles, and at the
same time assigned to Eccles the said lease. About
the 28th of October, 1917, the defendant Eccles de-
manded possession of the premises not later than
the 1st of November, 1917, and the plaintiff declined
and refused to deliver the possession. Eccles then
brought an action in the Circuit Court in forcible en-
try and detainer, in which he demanded the immediate
possession of the property. An answer was filed by
the defendant in that action, and a trial had, which
resulted in a judgment in favor of Eccles, putting
him in possession of the property, and for costs and
disbursements. Eccles went into possession under
his judgment December 24, 1917. Before defendant
gave notice to plaintiff to surrender the property,
the plaintiff, following his usual custom as a farmer,
planted upon the premises thirty acres of seed wheat,
seven acres of seed oats, and sowed the meadow land
with clover seed, and sowed land plaster as a part
of the cultivation. After plaintiff had been evicted,
under the judgment in the forcible entry and detainer
action he demanded of Eccles permission to go on
the land for the purpose of cultivating and harvest-
ing the crops which had resulted from the seed
planted prior to the time of the notice to quit. The
defendant refused such permission. During the har-
vest season of 1918 the plaintiff made a demand upon
Eccles to deliver the crops to him, which Eccles de-
clined to do. Plaintiff alleged that he was the owner
and entitled to the possession of all the crops so
grown on the land. He further alleged that the de-
fendant himself, during the harvest season of 1918,
harvested approximately 532 bushels of wheat, of

the reasonable market value of $2.15 per bushel, making a total market value for the wheat of $1,123.80; 4.68 tons of oats, at the reasonable market value of $60 per ton, in the aggregate $270.80 for the oats; 10 tons of clover hay, at the reasonable value of $25 per ton, making a total of $250 for the hay; that defendant, in addition, realized from the wheat and oats 19½ tons of straw, at $10 a ton, a total of $195, making the total value of the crop $1,839.60. It is alleged that the reasonable value of the labor expended in harvesting the crops was the sum of $371.94, leaving $1,467.66 as the value of the property at the time of its harvesting by the defendant. It is further alleged that plaintiff made a demand upon the defendant for the sum realized out of the crops, which defendant refused to pay.

The lease, which is Exhibit "A" of the complaint, among other provisions, provided that if the property was sold by the landlord during the term of the lease and possession should be required and demanded, the lessee would quit and deliver up the premises on condition, amongst others, "that if sale is made and possession required after June first and before November first of any year of the term of the lease, the lessee should be entitled to remain in possession until the November first following, and to remove the crop. If lessee is allowed to remove the crop, no payment is to be made him for seed or labor."

There were other provisions in the lease concerning the sums of money to be paid by the landlord to the tenant, depending upon the time of the demand for the surrender, which provisions of the lease are not involved in this case.

To this complaint a demurrer was filed by the defendant on the ground, as stated, that the complaint

does not state facts sufficient to constitute a cause of action. This demurrer was overruled, and the defendant filed an answer to the complaint, in which he admitted the lease; the possession under the lease of the defendant; the sale by the Base Line Land Company to Eccles of the farm, and the assignment made at the same time of the lease to Eccles; the notice to quit of the 28th of October, 1917; the demand of the plaintiff for the possession of the premises; the refusal of the defendant to deliver possession, and the proceedings pleaded in the forcible entry and detainer action. The answer denied the sowing of the crop by the plaintiff, as alleged; the allegation of a demand that the plaintiff be permitted to enter upon the premises for the purpose of cultivating and harvesting the crops; the demand alleged during the harvest season of 1918, and the refusal of said demand; denies the ownership in the plaintiff of the crop, and denies the allegations concerning the amount of wheat, hay and straw harvested by the defendant.

For a second defense the defendant alleged his acquisition of the premises; the existence of the lease; the possession of the defendant under the lease; the notice in October, 1917; his tender of $200 in gold under the terms of the lease, and his demand that plaintiff vacate the premises not later than November 1, 1917. It is then alleged that the plaintiff did not vacate the premises, and that the defendant brought the action for forcible entry and detainer. The proceedings in that action are set out in the pleadings of both parties. It is then alleged, as a defense, that the plaintiff in that forcible entry and detainer action did not make any claim to the right of possession of the premises for the purpose of harvesting the crops, or claim any ownership or title

in any of the property constituting the crops; nor did he claim that he was deprived of any property by the eviction judgment resulting from the forcible entry and detainer action, and that he made no claim that he was damaged in any respect. It is then alleged that the plaintiff should have set up these matters in his answer in the forcible entry and detainer action, and that, not having done so, he is estopped and barred from maintaining the present action.

Another defense is set up which has no relation to the controversy presented on this appeal.

The defendant here, as plaintiff in the forcible entry and detainer action, alleged his ownership of the farm and his right to the possession; the existence of the lease and the possession of the respondent here under that lease; that he had made a demand for the possession of the farm and tendered the $200 in gold required by the lease, and that defendant refused to deliver the possession and continued to hold the premises, with force. The prayer was that the court should find that the plaintiff was entitled to the possession and have execution of restitution, and for costs and disbursements. The defendant in that action, the respondent here, denied, in effect, that his possession was unlawful; admitted that he was in possession under the lease; admitted the demand upon him to vacate and his refusal to do so. The judgment in that case was that the there plaintiff was the owner of the farm, and that the defendant should vacate the same, with a judgment for costs and disbursements against him, and that execution should issue to put plaintiff in possession of the farm.

To this second defense pleaded in the present action the respondent filed a demurrer, on the ground

that the said defense failed to state facts sufficient to constitute a defense, and this demurrer was sustained. A reply was then filed to the answer, and 'the cause went to trial. The jury, on the twenty-first day of April, 1922, returned a verdict in favor of the plaintiff for $1,467.66, and judgment was entered upon the said verdict for that sum, and for costs and disbursements. From that judgment the appellant appeals.

For appellant there was a brief over the names of *Mr. W. Lair Thompson* and *Mr. James P. Stapleton,* with an oral argument by *Mr. Thompson.*

For respondent there was a brief and oral argument by *Mr. W. W. Dugan.*

PIPES, J.—The principal questions here arise upon the ruling of the court below overruling defendant's demurrer to the complaint and sustaining plaintiff's demurrer to the answer. Some other questions are presented in the brief, arising on the trial, which will be noted in the opinion.

1, 2. At the outset we remark that the emblements involved here belonged to respondent up to the time this action was begun. Section 2546, Or. L., provides that:

"When the leasing or occupation is for the purpose of farming or agriculture, the tenant, or person in possession shall, after the termination of such lease or occupancy, have free access to the premises to cultivate and harvest, or gather any crop or produce of the soil planted or sown by him before the service of notice to quit."

This lease was before this court on a former appeal [*Hostetler* v. *Eccles,* 98 Or. 355 (194 Pac. 166)], where

the lease and statute were construed. It was held that:

" * * where the termination of the lease depends upon an uncertain event, as, for instance, a demand made at the discretion of the landlord, the tenant would have free access to the premises to cultivate and harvest the crop sown by him before the service of the notice to quit. That is this plaintiff's remedy in case of a demand made between June 1st and November 1st following." *Hostetler* v. *Eccles,* 98 Or. 360 (194 Pac. 168).

That has become the law of the case: *Powell* v. *D. S. & G. R. R. Co.,* 14 Or. 22 (12 Pac. 83); *William Hanley Co.* v. *Combs,* 60 Or. 609 (119 Pac. 333).

Besides, we are satisfied with the holding. It is supported by the following authorities among many others: *Evans* v. *Watkins,* 76 N. H. 433 (83 Atl. 915, 41 L. R. A. (N. S.) 404, and note); *Brown* v. *Thurston,* 56 Me. 126 (96 Am. Dec. 438); *Carmine* v. *Bowen,* 104 Md. 198 (64 Atl. 932, 9 Ann. Cas. 1135); *Harris* v. *Frink,* 49 N. Y. 24 (10 Am. Rep. 318); *Reeder* v. *Sayre,* 70 N. Y. 180 (26 Am. Rep. 567); *Bittinger* v. *Baker,* 29 Pa. St. 66 (70 Am. Dec. 154); *Sievers* v. *Brown,* 34 Or. 454 (56 Pac. 171, 45 L. R. A. 642).

It follows that respondent may maintain this action for damages for the conversion of his property unless for some reason his action is barred.

3. It is contended by the appellant that, as the complaint shows that respondent refused to deliver up the premises November 1, 1917, as the lease required him to do, he is not in position to complain of the alleged subsequent breach by defendant. This contention goes upon the rule that a party to a contract cannot recover damages for the nonperformance of the same by the other party, when he is himself in default in the performance of the condi-

tions imposed by such contract. This contention assumes that the present action is for a breach by the appellant of the contract of lease. It is true that the lease provides that "the lessee shall be entitled to remain in possession until the November 1st following and to remove the crop." But the right to "remove the crop" does not depend upon that clause of the lease. It exists by virtue of the statute above quoted, which is itself declaratory of an ancient judicial rule. This clause in the lease adds nothing to, nor would its omission detract from, the right to remove the crop.

" * * The right to the emblements which would otherwise exist in the lessee, as the duration of his estate depended upon the will of the lessor, does not appear to be controlled or affected by the special contract of the parties. * * " *Stewart* v. *Doughty,* 9 Johns. (N. Y.) 108, 110.

And this court held, on the former appeal, that the right of access to the premises for the purpose of cultivating and harvesting the crop is derived from the statute: *Hostetler* v. *Eccles, supra.* We are bound by that holding. The action, therefore, is for the breach of a legal duty imposed upon the appellant by the statute, to accord to the respondent free access to the premises for the purpose of cultivating and saving his crop, and for the damages which are the consequence of such refusal. The action is for a tort.

4. Nor does the precedent breach of the contract by respondent stand in the way of this action for the tort. That breach has been fully compensated. The remedy for it provided by law has been applied in the judgment awarding restitution of the premises wrongfully withheld in violation of the contract, and for costs. The statute concerning forcible entry and

detainer actions prescribes the issue and form of judgment. The issue is the right of possession, and the judgment provided when in favor of the plaintiff is "for restitution of the premises and the costs and disbursements of the action." Sections 2535 et seq., 2539, Or. L.

Such a judgment, when executed, must be held to be a complete remedy for the wrong done. In the judgment here pleaded the complaint alleged the ownership of the real property in the defendant here; the existence of the lease; the possession of defendant under it; a demand for the possession, accompanied by the tender of $200 required by the terms of the lease, and the refusal to surrender. The answer in that case admitted the lease, the possession under it, the tender, and the refusal to vacate. The judgment was for restitution and costs and disbursements. This judgment was executed, and the wrong done fully remedied. The breach, so remedied, cannot have the further penal consequence of barring the plaintiff's remedy for a subsequent tortious conversion of his property. The demurrer to the complaint was properly overruled.

5, 6. It is next contended that the judgment in the forcible entry and detainer action is *res adjudicata* of the issues in this case, and bars the present action. It is urged that the respondent should have pleaded his right of access to the premises for the purpose of saving his crop, and, not having done so, he is barred by the judgment against him in that case. That argument assumes that the judgment was against him on that particular issue. But it was not so. It was against him only on the issue there tried, which was the landlord's right of possession after he had given notice to quit under the terms of the lease. Now the right of possession is not the

same thing as the right of access to take off the crop. The two rights coexist; the one in the landlord, the other in the tenant. Indeed, the judicial rule and the statute contemplate that the tenant is out of possession and the landlord is in possession when the former exercises his right of access. The latter right does not extend to the possession of the land. A tenant is not entitled to remain in possession, to the exclusion of his landlord, to cultivate his crops, as the right to emblements does not give a right to the possession of an estate in the land, but only the privilege of ingress and egress as far as necessary for due attention to the crops: *Humphries* v. *Humphries,* 25 N. C. 362.

The judgment pleaded as a bar restored the same possession and in the same sense as that which had been wrongfully withheld. And that possession was not inimical to respondent's right of ingress and egress to secure the crops that were his property. A surrender of the premises would not have surrendered his right to go in and take his crops. "The re-entry by the defendants on the land did not deprive plaintiff of his title to the crop as personalty." *Harris* v. *Frink,* 49 N. Y. 24, 30 (10 Am. Rep. 318, 323); *Stewart* v. *Doughty, supra; Reeder* v. *Sayre, supra.* The judgment of restitution, therefore, does not restore a possession more comprehensive than a surrender would have effected.

7, 8. Conceding without deciding that the court in the forcible entry and detainer action would have jurisdiction, on proper pleadings, to render a judgment against respondent barring his right of access to the premises, it is sufficient to say that it did not do so. It could not have done so in the state of the pleadings, but it was no dereliction of the respondent that such an issue was not tendered. A defendant

has met every requirement when he answers the complaint. The complaint did not challenge respondent's right to go in for his crops. It only contested his right to remain in possession under the terms of the lease. If the appellant had wished to go further and obtain a broader judgment than restitution, he should have tendered the issue. The defendant was not called upon to claim a right which was not challenged by the complaint. The failure, therefore, to plead his right of access in the forcible entry and detainer action is not a bar: *Collier* v. *Cunningham,* 2 Ind. App. 254, 262 (28 N. E. 341); *Sheetz* v. *Baker,* 38 Ill. App. 349; *Keating* v. *Springer,* 146 Ill. 481, 498 (34 N. E. 805, 37 Am. St. Rep. 175, 22 L. R. A. 544); *La Follette* v. *Mitchell,* 42 Or. 465, 472 (69 Pac. 916, 95 Am. St. Rep. 780); 56 Cent. L. J. 2. The demurrer to the second defense of the answer was properly sustained.

9. A question is made in the brief of appellant that the court erred in admitting evidence of the value of the property at harvest time in 1918; the claim being that the conversion was "when the appellant assumed control of the property." The rule invoked is that the measure of damages in trover is the measure of damages at the time and place of the conversion. The question is made here for the first time. The question of value throughout that phase of the trial was directed to the time the appellant was harvesting the crop in 1918. Objection was made as to the rule of damages in other respects, but none in respect to the time of the conversion. The parties seem to have assumed that the conversion took place at that harvest. The court instructed the jury that the measure of damages was the market value at the time and place of conversion, less the expense of harvesting and maturing the crop. No ruling of

the court was invoked that the conversion was at an earlier date. In the absence of a ruling below on that question, we are not at liberty to make one here. (See cases cited below.)

10. The appellant then claims that the refusal of the respondent to vacate is a waiver of his right to take his crops. That question is involved in the views we have already expressed. It was also involved and decided in the former case, where the lease was construed. The court there held that respondent was entitled to the outgoing crops, if he was not barred by the former judgment, and so remanded the cause for him to frame his pleadings to that end, which, in pursuance of the ruling, he has done.

11, 12. A question is made here that the seed produced in the clover hay had been sowed in 1916, and that to allow a recovery for that hay is error. We find in the bill of exceptions the following question and answer in the testimony of the plaintiff:

"Q. Just state to this court and jury what seed you planted and how much of the farm you seeded.

"A. I sowed 30 acres of wheat and 7 acres in winter oats, and I had seeded the year before to clover 6½ acres."

No objection was made to this evidence, nor any motion to strike it, nor to exclude this hay from the consideration of the jury. There was no ruling of the court in relation thereto, and, of course, no exception appears. We are not permitted to consider the question. The rule is stated in *State* v. *Abrams,* 11 Or. 169, 172 (8 Pac. 327, 328), as follows:

" * * We now lay it down as a rule to which there can be no exceptions, that no objection to proceedings in the court below can be heard in this court

which is not based on alleged error in judicial action on the part of the lower court. * * ''

See, also, *State* v. *Morris,* 83 Or. 429, 436 (163 Pac. 567); *Watts* v. *Spokane, P. & S. Ry. Co.,* 88 Or. 192, 204 (171 Pac. 901); *State* v. *Pointer,* 106 Or. 589, 603 (213 Pac. 621); *Garrett* v. *Johnson,* 107 Or. 670, 672 (212 Pac. 110).

Besides, there is no reference to this question in the assignments of error, and that would exclude it from consideration: *Powder Valley State Bank* v. *Hudelson,* 74 Or. 191 (144 Pac. 494); *Boyer* v. *Anduiza,* 90 Or. 163 (175 Pac. 853).

There being no error, the judgment must be affirmed, and it is so ordered.                                    AFFIRMED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.