Argued April 19, affirmed September 17, 1929.

JAMES A. DOUGLAS *v.* C. E. RUMELIN ET AL.

(280 Pac. 329.)

For appellant Ashley there was a brief over the name of *Messrs. Platt, Platt, Fales & Smith,* with an oral argument by *Mr. George Black, Jr.*

For respondent there was a brief over the name of *Mr. Franklin F. Korell,* with oral arguments by *Mr. William A. Carter* and *Mr. MacCormac Snow.*

COSHOW, C. J.—■ ■ It is elementary that the decision of this court in any particular case becomes the law of that case: *Hostetler* v. *Eccles,* 112 Or. 572, 579 (230 Pac. 549). Assignments of error one and two raise the identical issue determined against defendants in the former appeal. That issue will not be further discussed, except to add that one who signs his name to a waiver on the back of a note may be both guarantor and indorser. The liabilities of a guarantor of negotiable paper are not fixed by the Negotiable Instruments Law. There is nothing to prevent the same person being both guarantor and indorser: 8 C. J. 71, 72, §§ 107–112; 2 Daniel on Negotiable Instruments (5 ed.), 789, § 1754. We further add as appears from the opinion in *Noble* v. *Beeman-Spaulding-Woodward Co.,* 65 Or. 93 (131 Pac. 1006, 46 L. R. A. (N. S.) 162), the issue was the relation of Noble to the makers and accommodation makers of the note. There is a real difference between the relation of an indorser or guarantor and the maker and other parties to a note and the relation of such guarantor and indorser to the payee or holder in due course of the note. The learned justice, who wrote the opinion in *Noble* v. *Beeman-Spaulding-Woodward Co.,* above, calls attention to the real issue therein: 3 R. C. L. 1189, § 411; 3 R. C. L. 975, 1122, 1129, 1133, 1135, §§ 185, 338, 344, 348, 349.

The learned attorneys for the defendants seem not to comprehend either the opinion in *Noble* v. *Beeman-Spaulding-Woodward Co.*, above, or the former opinion in the instant case. Noble could not recover an attorney's fee because he had no contract of that kind with the makers and accommodation makers of the note. If Ashley and Rumelin had paid the note in the instant case under the authority of *Noble* v. *Beeman-Spaulding-Woodward Co.* they could not recover attorney's fees in an action against Rumelin, the maker, because they have no contract requiring him to pay such fees. If action had been commenced on the note involved in *Noble* v. *Beeman-Spaulding-Woodward Co.*, above, and Noble had been compelled to pay an attorney fee he could recover the amount he paid with interest, including the attorney fee. He could not collect an attorney fee, however, when he had not paid it and had no contract to that effect: *Rushing* v. *Saboe, post,* p. 522 (279 Pac. 867), decided July 30, 1929.

The other assignments of error, particularly those based on rulings of the court in admission of testimony, are not well taken and are not of sufficient importance to justify further comment. There were issues of fact involved in the pleadings and the evidence admitted over defendants' objections tended to support the allegation of plaintiff's complaint, and the objections were properly overruled.

The objections to the requested instructions were not well taken. The law was correctly stated by the learned trial judge, and defendant Ashley has no cause for complaint. The instruction requested by defendants directing a verdict in favor of defendants was decided against defendant in *Noble* v. *Beeman-*

*Spaulding-Woodward Co.*, above, and will not be further considered.

■ The verdict returned was sealed agreeably to a stipulation by the attorneys for plaintiff and defendants. Nine jurors agreed on the verdict, which was signed by the foreman. Defendants moved to set aside the verdict and to arrest the judgment because all of the nine did not sign. Defendants do not cite any section of the statute requiring the jurors agreeing on a verdict to sign the same. Defendants say such has been the practice in Multnomah County. From the bill of exceptions we learn that the court took great care to verify the verdict as being the verdict of at least nine of the jurors. Defendants have no cause for complaint. Judgment is affirmed.

AFFIRMED.

BELT and BEAN, JJ., concur.

BROWN, J., absent.