## GOLDSMITH, ASSIGNEE, v. WILSON, SHERIFF.

1. **Landlord and Tenant:** RIGHT TO SUBLET. One who is in possession of real estate with the consent of the owner, is at least a tenant at will; and, in the absence of a showing that he is restrained by his lease, he will be presumed to have the right to sublet the premises.

2. **Practice on Appeal:** FINDING OF COURT ON CONFLICTING EVIDENCE. The finding of the court, not being without evidence to support it, cannot be disturbed on appeal.

*Appeal from Sac District Court.*

FRIDAY, APRIL 23.

ACTION at law to recover rent for a store-room. The cause was tried to the court without a jury, and judgment rendered for plaintiff. Defendant appeals.

*Wright, Baldwin & Haldane,* for appellant.

*C. D. Goldsmith,* appellee, *pro se.*

BECK, J.—I. The petition alleges that plaintiff, who is the assignee of one Davis, being in possession of a store-house under an assignment, rented it to defendant under a parol contract for $42 per month, and that under such contract defendant has occupied it for six months. Plaintiff asks judgment for the amount due for the rent. Defendant denies the allegations of the petition.

II. The plaintiff testified at the trial that he was in possession of the house, wherein was a stock of goods which

1. LANDLORD and tenant: right to sublet.

were levied upon by the deputy of the defendant, who was the sheriff of the county; that the deputy agreed with plaintiff to take possession of the house, and use it for the purpose of storing the goods, paying therefor $42 per month for the time he should keep the building. Plaintiff was then asked to state how long

defendant occupied the building before the suit was brought. To this question defendant objected, on the ground that he had not shown his authority to rent the building; the lease under which Davis held the property not being in evidence. But the district court permitted plaintiff to answer the question, and he replied that the house had been occupied from the date of the contract up to the commencement of this action. This evidence is now the subject of objection, upon the ground that plaintiff failed to show his authority to rent to defendant. We think the objection is not well taken. Plaintiff shows that he was in possession of the property under the assignment, and delivered the possession to defendant. He showed *prima facie* a right to rent to defendant, by the fact that he was in possession, and delivered the possession to defendant. He showed that he was in possession with the assent of the owner, and was at least a tenant at will. Code, § 2014. As a tenant, unless he was restrained by his lease, he could assign his right, or sublet to another; and it will not be presumed that he was so restrained. We conclude that he showed sufficient authority to rent the property, and was rightly permitted to testify to the time of occupancy by defendant.

III. Counsel insist that the evidence fails to show a contract for the rent of the property with defendant, and that if there was such a contract it was with defendant's deputy, who had no authority to bind defendant. We can only inquire whether there was evidence upon which the court below, in the honest and intelligent exercise of discretion, could have found for plaintiff. The judgment of the court in this respect is regarded as the verdict of a jury. There was no such absence of evidence upon any issue in the case as will authorize us to interfere. There was positive evidence in support of the contract as claimed by plaintiff, and that defendant ratified and approved the act of his deputy in making it. There is some evidence to the contrary. There is no good ground to

2. PRACTICE on appeal: finding of court on conflicting evidence.

hold that the judgment is in conflict even with the preponderance of the evidence, much less that it so lacks the support of the evidence that it ought to be reversed. These considerations dispose of all questions in the case.

The judgment of the district court is

AFFIRMED.