GEO. C. BAILY, Appellee, v. THE CITY OF SIOUX CITY, IOWA, Appellant.

GEORGE B. OWEN, Appellee, v. THE CITY OF SIOUX CITY, IOWA, Appellant.

Special assessments: FINDING OF TRIAL COURT: REVIEW. Where the evidence is conflicting on the value of town property with respect to its special assessment for public improvement, the opinion of the trial court, in view of its opportunity for observing the attitude of the witnesses and their temperamental characteristics, will not be disturbed on appeal unless clearly against the weight of the testimony.

*Appeal from Woodbury District Court.*— HON. J. F. OLIVER, Judge.

MONDAY, FEBRUARY 11, 1907.

THESE two cases involve the same propositions of law and were tried together in the district court. They are each appeals from the action of the city council of defendant city involving certain assessments made against properties belonging to plaintiffs. Upon trial of these appeals in the district court the assessment was reduced so as not to exceed 25 per centum of the actual value of the property against which the assessments were proposed to be levied. From the decree of the district court the city appeals.— *Affirmed.*

*John N. Weaver* and *Fred W. Sargent,* for appellant.

*Wilbur Owen,* for appellee.

DEEMER, J.— The proposed special assessments were for paving done in front of the properties owned by the plaintiffs, being $337.98 against each lot. Included in each assessment was $2.50 for collection which counsel for the

city admits was illegal and unauthorized. The trial court found that the value of each lot at the time the assessment was attempted to be levied was from $800 to $900, and it reduced the assessment on account of the improvement to the sums of from $200 to $225 against each lot. The appeals are from these reductions.

Section 1 of chapter 29, page 14, of the Acts of the Twenty-Eighth General Assembly, being section 792a of the Code Supplement, provides that special assessments for paving " shall not exceed 25 per cent. of the actual value of the lot or tract at the time of levy," and that " the last preceding assesment roll shall be taken as prima facie evidence of such value." According to the assessment roll to which we should look in this case, the value of the lots was from $600 to $700. This made a prima facie case for plaintiffs, and the burden was upon defendants to show that the actual value was greater. This it attempted to do by various witnesses, and to meet this showing plaintiffs introduced various witnesses who fixed the valuation at from $300 to $700 before the paving was done. This appeal involves simply a question of fact as to the actual value of the lots at the time of the levy.

We have carefully gone over the testimony, and, as usual when it relates to value of town lots, we find it very conflicting and inharmonious, due no doubt somewhat to the witness' point of view and more perhaps to his temperament. There seemed to be no actual selling price for the lots as there was no present market for them; hence much depended upon the supposed future growth, the location and the demands which might arise for such property. In such cases there is room for the greatest divergence of opinion; and a court must of necessity take all these things into consideration, as well as the temperament of the witnesses, in arriving at a just conclusion. The attitude of the witnesses and their temperamental characteristics are very important considerations on such an inquiry as this, and in this respect the trial

court has very distinct advantage over us — an advantage which we do not and cannot have. In such cases we are disposed to follow the findings of the trial court unless clearly against the weight of the testimony. Here is no such showing. Indeed, we are inclined to the view that the trial court's conclusions as to the value of the lots and the amount of the assessments to be levied against them were correct.

The decrees must therefore be, and they are, *affirmed.*