RINA SNYDER, Appellee, v. BERNSTEIN BROTHERS et al., Appellants.

**LANDLORD AND TENANT:** Leases—Assignment Prohibited—Effect.
1  A lease of lands may validly prohibit the tenant from assigning the lease and validly provide for an optional termination by the landlord of the lease in case the prohibition is violated.

**LANDLORD AND TENANT:** Attornment—Acts Not Constituting.  No
2  attornment takes place by the mere act of a tenant in assigning his interest in the lease and placing the assignee in possession of the leased premises.

**ASSIGNMENTS:** Validity—Scope of Statute.  The statutory provision
3  (Sec. 9452, Code of 1924) which, in effect, provides that an instrument is assignable even though such assignment is prohibited by the instrument, has no applicability to a personal executory contract, c. g., a lease of lands prohibiting an assignment by the tenant.

Headnote 1:  35 C. J. p. 1066.  Headnote 2:  35 C. J. p. 1248 (Anno.)
Headnote 3:  5 C. J. p. 877; 35 C. J. p. 978 (Anno.)

*Appeal from Pottawattamie District Court.*—W. C. RATCLIFF, Judge.

APRIL 6, 1926.

ACTION in equity by an owner and lessor of certain real estate to cancel a written lease thereon and to recover the reasonable value of the use of the premises during the time of its occupancy subsequent to a notice of forfeiture.  The action is based on a breach of covenant contained in the lease, which prohibited the assignment thereof, with right to terminate the lease in the event of an assignment by the lessee.  The defendants in answer admit the assignment, but allege a disclaimer of any right or title except that derived by virtue of the lease.  Decree was entered as prayed, and title was quieted in plaintiff against all claims of all defendants, with judgment against them in the sum of $60 per month, as the reasonable rental value during the time in question.  The defendants appeal from the decree in its entirety.  The plaintiff appeals from that part of the decree fixing the reasonable value of the use of the premises.—*Affirmed.*

Kimball, Peterson, Smith & Peterson, for appellants.

D. E. Stuart, for appellee.

DE GRAFF, C. J.—The question for decision may be stated in this wise: Is a proviso in a lease, giving the lessor the right to forfeit upon a breach of a covenant against assignability, valid and enforcible? The written lease in controversy contains the following stipulations:

1. LANDLORD AND TENANT: leases: assignment prohibited: effect.

"And the said lessee further agrees that he will use said premises in a careful manner as a warehouse only, that he will not assign this lease, or sublet the said premises, or any part thereof, without the written consent of the lessor indorsed hereon.

"And it is expressly agreed between the parties hereto that, if default shall be made in the payment of any part of installment of said rent, as above set forth, or in any of the covenants herein contained, then in that event said tenancy shall at once terminate, and the said lessor may then, if he so elect, treat and declare this lease void and at an end * * *."

The lease covered the lower room, 38x85 feet, of a described building located on Bryant Street, Council Bluffs, Iowa. It was executed July 1, 1917, for a term of ten years, at an annual rental of $540. The lessees, Bernstein Brothers (defendants), on January 1, 1924, assigned and transferred this lease, with possession, to the defendants Meyerson Brothers. On January 2, 1924, plaintiff (lessor) served on the defendants her notice of forfeiture, pursuant to the stipulations of the lease, and forthwith commenced the instant action.

The facts are not in dispute, except the evidence bearing on the reasonable rental value of the premises.

The right of an owner of real estate to create a leasehold interest therein must be recognized as a right in property. Who shall occupy, have care of, and control his real estate is a necessary incident of a right in private property, and this right is enforced and protected, unless some positive law is violated or public policy is contravened. The freedom of contract and the right of property are the two most fundamental things in our

individualistic scheme of society. The leasing of the building in question is in no manner affected with a public interest, nor is the matter within the inhibition of any law.

In passing, it may be observed that plaintiff predicates the nonassignability of the lease on the provisions of Section 10158,

2. LANDLORD AND TENANT: attornment: acts not constituting.

Code of 1924, while the defendants predicate the assignability of the lease on the provisions of Section 9452, Code of 1924. Neither section has application to the determinative point in issue. Section 10158 provides:

"The payment of rent, or delivery of possession of leased premises, to one not the lessor, is void, and shall not affect the rights of such lessor, unless made with his consent, or in pursuance of a judgment or decree of court or judicial sale to which the lessor was a party."

The legislative history of this section reveals its true import. Section 1269 (Chapter 82), Code of 1851; Section 2301 (Chapter 99), Code of 1860; Section 2013 (Chapter 9), Code of 1873. The original wording of the section clearly indicates that the statute refers only to an attornment. It formerly read:

"The attornment of a tenant to a stranger is void unless made with the consent of the landlord, or pursuant to, or in consequence of, a judgment at law or in equity, or to a mortgagee after the mortgage has been forfeited."

What is an attornment? It is the act of the tenant in putting one person in place of another as his landlord. It is the recognition of a new landlord, implying an engagement to pay rent and perform covenants to him. 6 Corpus Juris 818. The term and the rule are relics of the old common law. Attornment, as defined in Webster's New International Dictionary, is an act of a feudatory, vassal, or tenant, by which he consents, upon the alienation of an estate, to receive a new lord or superior, and transfers to him his homage and service; the agreement or acknowledgment of the tenant that he holds his tenement of a new person as landlord. See, also, *Willis v. Moore,* 59 Texas 628; *Commonwealth Mtg. Co. v. De Waltoff,* 135 App. Div. 33 (119 N. Y. Supp. 781).

Under the facts of the case at bar, there has been no at-

tornment; but, on the contrary, the defendants admit that they hold under the plaintiff, and claim that they are entitled to the possession of the property under the lease. The point involved on this appeal is not within the purview of the provisions of the section relied upon by plaintiff.

We now turn to Section 9452, which reads:

"When by the terms of an instrument its assignment is prohibited, an assignment thereof shall nevertheless be valid, but the maker may avail himself of any defense or counterclaim against the assignee which he may have against any assignor thereof before notice of such assignment is given to him in writing."

3. ASSIGNMENTS: validity: scope of statute.

This section has been the subject of frequent judicial comment from our earliest decisions to the present time. Its application has taken a wide range. However, the word "instrument," as used in this section, is not all-comprehensive, and to literally construe the word in all cases would reduce it ad absurdum. The word must be read and construed in the light of its context. Section 9452, supra, and the preceding section have always found a place in our Code as a part of the chapter on Notes and Bills; and, the legislative intent being kept in mind, the reasonable construction is that the section applies to "bonds, due bills, and all [other] instruments by which the maker promises to pay another, without words of negotiability, a sum of money, or by which he promises to pay a sum of money in property or labor, or to pay or deliver any property or labor, or acknowledges any money, labor, or property to be due." Section 9451, Code of 1924.

The words "all instruments" are *ejusdem generis*. Such a conclusion is in accordance with the reason and policy of the statute. The section was not intended to include a personal executory contract. *Davis v. Bremer County Farmers Mut. F. Ins. Assn.,* 154 Iowa 326; *Myers v. Stone & Son,* 128 Iowa 10.

In the case at bar, the lessee agreed in his contract of lease with the owner that, if the lessee assigned the lease without the written consent of the lessor indorsed thereon, the tenancy should at once terminate, and the lessor "may then, if he so

elects, treat and declare this lease void and at an end." This stipulation is as valid as any other part of the contract.

We have not heretofore squarely ruled the proposition herein, but our prior decisions have pointed out the direction to be taken. In *Horst v. Handke*, 190 Iowa 658, it is said, *obiter*:

"Defendant could, in the lease, have restricted his sons, as lessees, from assigning or subletting, but did not do so."

In *Goldsmith v. Wilson*, 68 Iowa 685, it is said, in passing:

"As a tenant, unless he was restrained by his lease, he could assign his right, or sublet to another; and it will not be presumed that he was so restrained."

See, also, *Baldwin v. Jacobs*, 182 Iowa 789; *Eldredge v. Bell*, 64 Iowa 125.

In *Risser v. Union Sec. Co.*, 200 Iowa 987, the contract of sale provided that, if the vendee assigned, then all monthly installments should at once become due and payable. It is held that the proviso for acceleration of payment under the given contingency is valid. The statement with reference to Section 3046, Code of 1897 (Section 9452, Code of 1924), is not essential for the decision of that case.

We will not pursue the inquiry further. Plaintiff took steps to effect a forfeiture, as provided by statute. The agreement between the lessor and the lessee was valid. The breach of the covenant gave to the plaintiff the right to forfeit. The trial court ruled correctly on the primary proposition.

Plaintiff, however, is not satisfied with the judgment entered in her favor as to the quantum of the value of the use of the premises subsequent to her act of forfeiture. We are not inclined to disturb the finding of the court in this particular. The evidence is in conflict. Upon the trial, each party was limited to three witnesses. It is not our function to determine which class of witnesses was the more expert. The trial court had the benefit of a more critical study of the testimony and the witnesses than we have. Plaintiff's experts testified that the reasonable value of the premises was $100 per month. Defendants' witnesses testified that the value was $40 to $50 per month. Apparently the trial court attempted to strike a happy medium, and, upon the conclusion of all the testimony, fixed the reason-

able value at $60 per month. There is no mathematical rule that will aid us in solving this problem.

The decree entered by the trial court is—*Affirmed.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.