[Sac. No. 4132. Department One.—February 13, 1929.]

CHICO WELL DRILLING COMPANY (a Copartnership), Appellant, v. SAMUEL GIVENS et al., Respondents.

Jerome D. Peters for Appellant.

H. C. Bell for Respondents.

CURTIS, J.—Action brought to recover an amount alleged to be due the plaintiff for the drilling of a well upon defendants' land and to foreclose a lien against said land for the cost of said well. The complaint is in two counts, one upon an express contract and the other is for the reasonable value of services rendered defendants in the drilling of said well. The trial court found for the defendants and plaintiff has appealed. The sole ground of appeal is that the evidence does not support the judgment. There is no dispute between the parties hereto as to their agreement. It was in writing and bore date of March 20, 1924, and provided for the drilling of said well for a stipulated price per foot. The two findings of the court which plaintiff claims do not find substantial support in the evidence are findings 3 and 4, which are as follows:

Finding 3: "That thereafter plaintiff went in and upon the lands of said defendant, Samuel Givens, and partially drilled a well thereon, but did not drill same straight or plumb enough to permit the installation of a deep well

turbine pump therein, as required by said contract. That in drilling said well plaintiff excavated large quantities of gravel from the lower levels of said well which resulted in the earth above such excavations caving in and around the casing in said well, and that such excavations and caving were due to the negligence of said plaintiff. That said plaintiff placed casing in said well, but did not install and perforate the same so that the water contained in the ground surrounding said casing could flow into said well. That said plaintiff never completed said well, but removed its drilling tools and outfit from the land of defendant, Samuel Givens, and abandoned the completion of same.''

Finding 4: ''That by reason of the failure of said plaintiff to drill and case said well in accordance with the requirements and terms of said contract, said well could not be used and was of no value to defendant, who was compelled to drill another well to supply water to his land, and that said plaintiff is not entitled to recover any payment therefor from said defendants, or any of them.''

The written contract was executed immediately preceding the acts of the plaintiff which are set forth in said findings 3 and 4. The contract provided, among other things, that ''Above well to be drilled straight and plumb enough to permit the installation of a deep well turbine pump.'' As to whether the well drilled by the plaintiff complied with this provision of the contract the evidence presents a sharp conflict. This is admitted to be so by the plaintiff, but it claims that all of the experts called by the defendants, and who testified that a deep well, or turbine pump could not be installed in the well drilled by the plaintiff with satisfactory results, also stated that they had never observed a deep well pump installed in a well not plumb, while plaintiff's witnesses, who testified that a turbine pump would work satisfactorily in a well not plumb, all testified from their own personal observations. Plaintiff contends that under these circumstances the testimony of defendants' witnesses was valueless and should have been rejected by the trial court, and that this court cannot give to it any consideration. Plaintiff concedes that the question whether a deep well pump would work satisfactorily in a slanting well, or a well not plumb, was one to be determined by expert testimony. All of the witnesses

testifying upon this question, either for the plaintiff or the defendants, qualified as expert witnesses in their knowledge of the use, operation and installation of deep well pumps. The trial court may well have rejected the evidence of those who had no personal experience in the operation of deep well pumps in slanting wells. But we know of no authority compelling the trial court to refuse to consider such evidence. On the other hand, the question being one to be determined by expert witnesses, it was the duty of the trial court to give consideration to the testimony of all witnesses who qualified themselves as expert witnesses in the subject under investigation. In the present action, the trial court, having accepted the evidence of the defendants' witnesses upon the question as to whether a turbine pump could be used in the well drilled by the plaintiff, its finding upon that question will not be set aside or disturbed by this court.

The next objection made by plaintiff to finding 3 relates to that portion thereof wherein the court found that the plaintiff in drilling said well excavated large quantities of gravel from the lower levels of said well which resulted in the earth above such excavations coming in and around the casing of the well and that such excavations and caving were due to the negligence of said plaintiff. But slight consideration need be given this objection as plaintiff admits that ''said finding is redundant and may be treated as surplusage.'' We do not attach any great importance to this finding. We think, however, there is found substantial evidence in the record to support it. There is evidence to show that much more sand ordinarily flows or caves into a slanting well than does in the drilling of a well that is straight or plumb. The amount of sand taken by the plaintiff out of the well drilled for the defendants was placed by some of the witnesses as high as forty cubic yards. A number of witnesses testified that this amount was excessive in the drilling of a twelve-inch well to a depth of 214 feet.

The remaining objection made by plaintiff to said finding 3 has to do with that part of said finding wherein the court found that said plaintiff never completed said well, but removed its tools and abandoned the completion of the same. There is evidence which shows that after the

well was drilled it was not adequately perforated. Plaintiff claims that the contract for the drilling of the well did not mention anything about perforation. In this plaintiff is correct, but practically the undisputed evidence in the case is that the perforation of a well is considered as an integral and necessary part of its drilling. The plaintiff apparently conceded this to be so as its foreman testified that after drilling was completed he perforated the well under the direction of one of the partners of the Chico Well Drilling Company. But there was further evidence that this perforation was not adequate, and defendants after notifying the plaintiff to complete the well by perforating it, employed another well driller, who, after attempting to make a proper perforation of the pipe in the well, advised the defendants that it was impracticable, and that it would be cheaper to drill a new well. This was done at a depth of fifty feet and in the same pit in which the first well was drilled and only about seven feet distant from the first well. In the second well a satisfactory supply of water was obtained. The first well was found to be worthless and was abandoned. This disposes of all the objections made to finding 3, and we think it answers the objection to finding 4. In this latter finding the court found that the well drilled by the plaintiff was of no value and could not be used by defendants. The evidence of R. Parkerson, the well driller employed by defendants to perforate the well after the plaintiff had removed the rig and tools from the scene of the well, sufficiently covers the main facts found by the court in finding 4.

As we have seen, plaintiff also sought to recover for the value of its services in drilling the well, even if its work did not show a compliance with the terms of the written contract between the parties. Neither the evidence nor the findings would justify any recovery by plaintiff on its second cause of action. By finding 4, as we have just stated, the court found that the well drilled by the plaintiff could not be used and was of no value to the defendant. This being so, the plaintiff has not shown that it is entitled to recover anything whatever for the value of its services rendered defendants.

Judgment affirmed.

Seawell, J., and Preston, J., concurred.