C. G. LEE et al., Appellees, v. AMES, CITY OF, Appellant.

No. 43383.

JANUARY 17, 1939.

Marion Hirschburg, for appellant.

Lee & Walsh, for appellees.

OLIVER, J.—This is a suit in equity brought by the owners of Lot 10, Block 2, Chautauqua Park Addition to Ames, Iowa, challenging the amount of a special assessment levied against said property for the paving of 6th Avenue, which extends along the south side of said lot. The only ground of complaint argued is that the assessment was in excess of 25% of the actual value of the lot at the time of the levy, in contravention of Code section 6021. It appears that the paving in question was laid during the year 1934, at a cost of $312.05, and that the city council

reduced this assessment to $165.51 as of February 11, 1935, thereby valuing the property for the purpose of said assessment at $662.05. The said property is a corner lot about 60 ft. by 140 ft., fronts on Ridgewood Avenue which had been previously paved, and at the time in question was unimproved. It was situated in an excellent residential district which was well occupied by homes of recent and also of older construction. It was located a short distance from a city park, about 4 blocks from a public school, and approximately 6 blocks from the business district of Ames. However, its desirability and value appear to have been somewhat affected by its proximity to the main line and also to a branch line of the Chicago and Northwestern Railroad, and to a viaduct across said branch line on 6th Avenue, and the approach to said viaduct.

In the schedule of assessments and valuations in connection with the 1934 paving, the property was valued by the city at $350, but it appears to be questionable whether that valuation was fixed before or after the pavement was laid.

There is a sharp conflict in the opinion testimony of the witnesses for the respective parties as to the value of the lot on February 11, 1935. Competent witnesses for the owners estimated its actual value to be from $250 to $400. On the other hand witnesses for the city placed said valuation at from $600 to $800. The record also shows that prior to the time 6th Avenue was paved the property had been listed for sale for $600, with the understanding that other offers would be considered, but that no offers were received.

The district court fixed the valuation of the lot at the time of the assessment at $400, and accordingly reduced the assessment to $100. The trial court had the opportunity of observing the witnesses and his finding should be given some consideration. Baily & Owen v. Sioux City, 133 Iowa 276, 110 N. W. 839, Snyder v. Bernstein Bros., 201 Iowa 931, 208 N. W. 503. It does not appear that such finding is not sustained by the weight of the evidence. Therefore, the decree entered by the district court is affirmed.—Affirmed.

MITCHELL, C. J., and RICHARDS, STIGER, SAGER, HALE, BLISS, and MILLER, JJ., concur.