## IN RE PSYCHOPATHIC PERSONALITY OF
## BENNO DITTRICH.
## COUNTY OF BROWN AND STATE, RESPONDENTS.[1]

May 14, 1943.

No. 33,415.

*Fred K. Gage,* for appellant.

*George D. Erickson,* County Attorney, and *Streissguth & Gislason,* for respondents.

PETERSON, JUSTICE.

In proceedings under Minn. St. 1941, §§ 526.09 to 526.11 (Mason St. 1940 Supp. §§ 8992-184a to 8992-184c), appellant was adjudged to be a psychopathic personality and committed to a state hospital for treatment and care. He appealed to the district court, where the adjudication of the probate court was affirmed. Then he appealed to this court.

[1] Reported in 9 N. W. (2d) 510.

A psychopathic personality is defined by § 526.09 to mean "the existence in any person of such conditions of emotional instability, or impulsiveness of behavior, or lack of customary standards of good judgment, or failure to appreciate the consequences of his acts, or a combination of any such conditions, as to render such person irresponsible for his conduct with respect to sexual matters and thereby dangerous to other persons."

At the time of trial in the district court appellant was 42 years old, married, and the father of six children. His business was that of farming. He was mentally bright, capable, and a good worker. His troubles related to sexual matters. We shall state only such facts relating to those matters as are necessary to an understanding of the case.

Appellant was emotionally unstable with respect to sexual matters and had an uncontrollable craving for sexual intercourse and self-abuse by masturbation. It is undisputed that his behavior otherwise was good and that he had never attacked nor made any advances to other women. As a result of his sexual excesses committed upon his wife her health was impaired. Apparently she continued to live with him until the probate court adjudged him a psychopathic personality and committed him to the hospital. He was later released on bond. His wife was not living with him at the time of the hearing of the appeal in the district court.

The only expert testimony relative to appellant's psychopathic condition was that of two physicians called by the state. Their testimony was conflicting as to whether or not appellant's condition rendered him *dangerous to other persons*. One of the medical experts called by the state testified that, because of the fact that appellant was separated from his wife and denied normal marital relations, his sexual desire, if not satisfied, "would be like steam under pressure" and that there was "reasonable danger" of his molesting other women. The other expert testified that, in his opinion, it was unlikely appellant would attack other women.

In the district court upon appeal from the probate court, pres-

entation of appellant's evidence was required before that of the state.

Here, appellant makes two points, *viz.*: (1) The evidence was insufficient to establish that he was a psychopathic personality within the meaning of the statute, for lack of any showing that he was dangerous to others; and (2) the court erred in requiring him to offer his evidence before that of the state.

■ The statute requires that before a person may be adjudged a psychopathic personality two facts must be established, *viz.*: (1) That such person is irresponsible with respect to sexual matters; and (2) that, because of such fact, he is dangerous to others. It is not seriously disputed here that the evidence sustains a finding that appellant is irresponsible with respect to sexual matters. He claims that the evidence is entirely insufficient to establish that, because of such fact, he is dangerous to others, for the reasons that the evidence is undisputed that he has made no advance or attack upon any other woman and that the medical testimony is equally divided on the point, one expert being of the opinion that he was dangerous in that respect and the other that he was not. The medical expert who gave an opinion that appellant was, because of irresponsibility with respect to sexual matters, dangerous to others, took into consideration the fact that he had not made any advance or attack upon other women. His opinion was that appellant's uncontrollable craving for sexual intercourse, rendering him irresponsible with respect to sexual matters, an irresponsibility manifested by his prior conduct, while he was enjoying marital relations with his wife, would be increased and accentuated by cessation of such relations to a point where there was reason to believe that there was "reasonable" danger that he would attack other women. While the other medical expert was of the opinion that appellant would not attack other women, he was equivocal about the matter. When interrogated as to the likelihood of such attacks, he testified: "I wouldn't say either, the propensities may be present and it may come sometime in the future and it may not. That is all I can say."

The trier of fact is the sole judge of the credibility of witnesses testifying in relation to an issuable fact, not only where there is a conflict in the testimony of witnesses called by different parties, but also where it exists between the witnesses of a party or even in the versions given by a single witness. McCarty v. C. M. & St. P. Ry. Co. 154 Minn. 350, 191 N. W. 819; Pedrow v. Federoff, 77 Cal. App. 164, 247 P. 212; 5 C. J. S., Appeal and Error, p. 722, § 1657. The rule applies where the facts are established by expert testimony. Cieluch v. Economy T. & B. Co. 207 Minn. 1, 290 N. W. 302; Chico Well Drilling Co. v. Givens, 206 Cal. 468, 274 P. 966; Kulak v. Landers, Frary & Clark, 120 Conn. 606, 181 A. 720; Snyder v. Bernstein Bros. 201 Iowa 931, 208 N. W. 503. Where the evidence is in conflict, a finding of psychopathic personality will be sustained on appeal. People v. Chapman, 301 Mich. 584, 4 N. W. (2d) 18. While there was a conflict in the medical testimony, the physician's opinion that appellant was dangerous to others is based upon ample reasons. As said in In re Guardianship of Strom, 205 Minn. 399, 402, 286 N. W. 245, 247:

"With the trial court necessarily rested the primary responsibility of determining fact issues. We are and should be guided by the fact that much must necessarily be left, especially in proceedings of this kind [that was a proceeding for the appointment of a guardian of an alleged incompetent], to the sound judgment and discretion of the trial court. It has the advantage, not possessed here, of being confronted with the witnesses, the alleged incompetent person, and the circumstances surrounding the entire proceeding. It is more capable than we of reaching a clear understanding of the situation and of the mental condition and capacity of the claimed incompetent person."

Although both medical experts testified for the state, the trial court was warranted in adopting the views of the expert who stated that appellant was dangerous to others and in rejecting those of the other expert to the contrary. The finding in accord-

238

ance with these views is supported by the evidence and is sustained.

■ The appeal from the probate court to the district court was authorized by § 526.10 (§ 8992-184b). Under § 525.72 (§ 8992-169), the matter was triable *de novo* in the district court. The statute relating to psychopathic personality cases provides for a regular trial under special safeguards to protect the person alleged to be a psychopathic personality, such as the appointment of counsel for him where he is unable to procure counsel because of lack of means and the compulsory attendance of witnesses on his behalf. State ex rel. Pearson v. Probate Court, 205 Minn. 545, 547, 287 N. W. 297, affirmed, 309 U. S. 270, 60 S. Ct. 523, 84 L. ed. 744, 126 A. L. R. 530. The court should be careful to accord to such a person the full protection of all statutory provisions for his benefit.

Ordinarily, the party having the affirmative of the issue should be required to proceed with the evidence. In the instant case the state had the affirmative of the issue and should, therefore, have been required to put in its evidence before that of appellant. Assuming that there are cases where the court in its discretion may vary the order of proof (see Paine v. Smith, 33 Minn. 495, 24 N. W. 305; In re Guardianship of Strom, 205 Minn. 399, 286 N. W. 245, *supra*), no reason appears for having required appellant to proceed first with his evidence. But appellant has failed to point out wherein he was prejudiced by the ruling. A careful examination of the record shows that he was not prejudiced. Where no prejudice results from an erroneous ruling requiring a party to proceed with his evidence prior to the presentation of that of his adversary, the error is harmless and not ground for a new trial. Paine v. Smith, 33 Minn. 495, 24 N. W. 305, *supra*.

Affirmed.