**Harriet M. LIEDTKE, Appellant,**

v.

**CLOQUET SERVICE CENTER, INC., Respondent.**

No. CO–84–329.

Court of Appeals of Minnesota.

May 7, 1985.

Review Denied July 11, 1985.

Harriet M. Liedtke, pro se.

Cloquet Service Center, Inc., pro se.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant Harriet Liedtke appeals from the trial court's decision denying her breach of warranty claims for the repair and replacement of certain automobile parts.

We affirm.

## FACTS

In June 1982 appellant Liedtke asked respondent Cloquet Service Center, Inc. to repair her 1977 AMC Pacer automobile. After inspecting the car, respondent determined that the torque converter and front pump needed replacement. On Liedtke's request, respondent installed a rebuilt torque converter and a used pump. Respondent guaranteed the labor for 90 days and the converter for 90 days or 4,000 miles.

Very soon after the repair, Liedtke began experiencing additional problems with her car. In September 1982 and again in February 1983 she had her car serviced for a leaking transmission at other service stations. Liedtke testified that, because her transmission had leaked for the life of the car, she often added fluid to the transmission.

In April 1983 Liedtke asked respondent to check the transmission and the torque converter. Respondent adjusted a band in the transmission and indicated that the torque converter was out of warranty. In May 1983 Liedtke's transmission failed.

Liedtke sued respondent in conciliation court and, after receiving an unfavorable verdict, removed her case to municipal court pursuant to Rule 1.21, Minnesota Rules for the Conciliation Courts, and received a trial de novo before the trial court. After a full trial on the merits, the trial court found no evidence to indicate the cause of the torque converter and transmission failure. The court further found that the failure of the transmission and torque converter occurred in 1983, approximately seven months after the repair by respondent and four months after the warranty expired. Judgment was entered in favor of respondent. This appeal followed.

## ISSUES

1. Does the evidence support the findings of the trial court?

2. Was the damage to the automobile covered by the express warranty agreed to by the parties?

## ANALYSIS

Liedtke argues that the trial court's findings are erroneous and are based on false statements of some of the witnesses. The trial court heard the testimony of witnesses for both appellant and respondent, reviewed the documentary evidence and found that the evidence did not support Liedtke's claim. Its judgment on the credibility of the witnesses will not be disturbed on appeal. *See In re Dittrich,* 215 Minn. 234, 237, 9 N.W.2d 510, 512 (1943). Viewing the evidence in the light most favorable to the respondent, we agree that the findings are reasonably supported by the evidence. *See Preferred Risk Mutual Insurance Co. v. Anderson,* 277 Minn. 342, 344, 152 N.W.2d 476, 479 (1967).

Liedtke argues that, as a matter of law, the work performed on her car should be covered by warranty. The evidence, however, supports the trial court's finding that parts and labor were both covered by a limited warranty and that Liedtke did not notify respondent or return the auto to respondent until after the warranty expired. The evidence showed that the parties agreed to the limited warranty and that there was no breach of the agreement by respondent.

## DECISION

The evidence, viewed in the light most favorable to the verdict, supports the trial court's findings and those findings are not disturbed on appeal. Appellant failed to prove that the damage to her car was covered under the limited warranty agreed to by the parties.

AFFIRMED.